# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **ROBERT STINSON, JR., LIFE'S GOOD, INC.,** | : | |
| **LIFE'S GOOD STABL MORTGAGE FUND, LLC,** | : | |
| **LIFE'S GOOD HIGH YIELD MORTGAGE** | : | |
| **FUND, LLC, LIFE'S GOOD CAPITAL GROWTH** | : | |
| **FUND, LLC, IA CAPITAL FUND, LLC, and** | : | |
| **KEYSTONE STATE CAPITAL CORPORATION,** | : | |
| Defendants, and | : | |
| | : | |
| **FIRST COMMONWEALTH SERVICE COMPANY,** | : | |
| **SUSAN L. STINSON, CHRISTINE A. STINSON,** | : | |
| **MICHAEL G. STINSON, and LAURA MARABLE,** | : | No. 10-3130 |
| Relief Defendants. | : | |

## ORDER AND PERMANENT INJUNCTION

**AND NOW**, this **20th** day of **June, 2011**, upon consideration of the Securities and Exchange Commission's Motion for Partial Summary Judgment, to which Defendants have not responded, and for the reasons stated in this Court's Memorandum dated June 20, 2011, it is hereby **ORDERED** that the motion (Document No. 149) is **GRANTED** as follows:

1. **JUDGMENT IS ENTERED AS TO LIABILITY ONLY** in favor of the Securities and Exchange Commission (the "SEC") and against Defendants Robert Stinson, Jr., Life's Good, Inc., Life's Good STABL Mortgage Fund, LLC, Life's Good High Yield Mortgage Fund, LLC, IA Capital Fund, LLC, and Keystone State Capital Corporation.

2. Each Defendant is found to have violated Sections 5(a), 5(c), and 17(a) of the Securities Act, 15 U.S.C. § 77e, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

3. Defendants and their agents, servants, employees, attorneys, and all persons in

active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security.

4. Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently enjoined from violating Section 17(a) of the Securities Act in the offer or sale of any security by the use of any means or instrumentality of interstate commerce, directly or indirectly, to:

    (a) Employ any device, scheme, or artifice to defraud;

    (b) Obtain any money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements not misleading, in light of the circumstances under which the statements were made; or

    (c) Engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

5. Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently enjoined from violating Section 5 of the Securities Act by, directly or indirectly, in the absence of an applicable exemption:

(a) Making use of any means or instruments of transportation or communication in interstate commerce or the mails to sell a security through the use or medium or any prospectus or otherwise, unless a registration statement is in effect as to that security;

(b) Carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to that security; or

(c) Using any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or, prior to the effective date of the registration statement, any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

6. Defendants shall each pay disgorgement of ill-gotten gains, and prejudgment interest thereon based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2), in amounts to be determined by the Court upon motion of the SEC. Also upon the SEC's motion, the Court shall determine whether civil penalties are

appropriate pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and/or Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). If such penalties are appropriate, the Court shall determine the amount of the penalties. In connection with the SEC's motion for disgorgement, prejudgment interest, and/or civil penalties, and at any hearing held on such a motion, the Defendants:

    (a)    Will each be precluded from arguing that they, individually or collectively, did not violate the federal securities laws as alleged in the SEC's Complaint, admitted, and/or established by the Motion for Partial Summary Judgment against all Defendants;

    (b)    May not challenge the validity of this Order and Preliminary Injunction.

In connection with the SEC's motion for disgorgement, pre-judgment interest and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

7. The Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

                              **BY THE COURT:**

                              */s/ Berle M. Schiller*

                              **Berle M. Schiller, J.**