IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 10-CV-03130 (BMS) |
| ROBERT STINSON, JR., LIFE'S GOOD, INC., LIFE'S GOOD STABL MORTGAGE FUND, LLC, LIFE'S GOOD HIGH YIELD MORTGAGE FUND, LLC, LIFE'S GOOD CAPITAL GROWTH FUND, LLC, IA CAPITAL FUND, LLC, KEYSTONE STATE CAPITAL CORPORATION, | : |
| Defendants, and | : |
| FIRST COMMONWEALTH SERVICE COMPANY, SUSAN L. STINSON, CHRISTINE A. STINSON, MICHAEL G. STINSON, LAURA MARABLE, | : |
| Relief Defendants. | : |

## ORDER

AND NOW, this _____ day of _____ 2012, upon consideration of Morningstar, Inc.'s Motion for Leave to File Complaint, memorandum of law in support thereof, and any response thereto, it is hereby ORDERED that said MOTION is GRANTED and the Clerk is hereby ORDERED to docket Morningstar's Complaint.

_____
The Honorable Berle M. Schiller

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : : : | |
| Plaintiff, : : | |
| v. : : : | CIVIL ACTION NO. 10-CV-03130 (BMS) |
| ROBERT STINSON, JR., LIFE'S GOOD, INC., LIFE'S GOOD STABL MORTGAGE FUND, LLC, LIFE'S GOOD HIGH YIELD MORTGAGE FUND, LLC, LIFE'S GOOD CAPITAL GROWTH FUND, LLC, IA CAPITAL FUND, LLC, KEYSTONE STATE CAPITAL CORPORATION, : : : : : : : : | |
| Defendants, and : : | |
| FIRST COMMONWEALTH SERVICE COMPANY, SUSAN L. STINSON, CHRISTINE A. STINSON, MICHAEL G. STINSON, LAURA MARABLE, : : : : : | |
| Relief Defendants. : : | |

## MORNINGSTAR, INC.'S MOTION FOR LEAVE TO FILE COMPLAINT

Morningstar, Inc. ("Morningstar") moves for leave of Court to file a Complaint against Robert Stinson, Jr., Keystone State Capital Corporation and Life's Good STABL Mortgage Fund LLC, which are source entities in receivership before this Court, administered by nominal defendant, Receiver Kamian Schwartzman. In support of the present motion, Morningstar relies upon and incorporates by reference herein the accompanying Memorandum of Law.

WHEREFORE, Morningstar respectfully request that this Court grant its Motion and enter an Order in the form attached hereto.

Respectfully submitted,

_____
Jeffery A. Dailey (I.D. No. 85993)
Natalie Lesser (I.D. No. 309334)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Phone: (215) 965-1200
Facsimile: (215) 965-1210

Dated: April 2, 2012                    Counsel for Morningstar, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 10-CV-03130 (BMS) |
| ROBERT STINSON, JR., LIFE'S GOOD, INC., LIFE'S GOOD STABL MORTGAGE FUND, LLC, LIFE'S GOOD HIGH YIELD MORTGAGE FUND, LLC, LIFE'S GOOD CAPITAL GROWTH FUND, LLC, IA CAPITAL FUND, LLC, KEYSTONE STATE CAPITAL CORPORATION, | : |
| Defendants, and | : |
| FIRST COMMONWEALTH SERVICE COMPANY, SUSAN L. STINSON, CHRISTINE A. STINSON, MICHAEL G. STINSON, LAURA MARABLE, | : |
| Relief Defendants. | : |

## MORNINGSTAR, INC.'S MEMORANDUM IN SUPPORT OF
## <u>MOTION FOR LEAVE TO FILE COMPLAINT</u>

Morningstar, Inc. ("Morningstar") moves for leave of Court to file a Complaint against Robert Stinson, Jr., Keystone State Capital Corporation and Life's Good STABL Mortgage Fund LLC ("Source Entities"), who are in receivership before this Court, administered by nominal defendant, Kamian Schwartzman. Morningstar seeks to assert claims based on the Source

Entities' pre-receivership actions and conduct towards Morningstar. Specifically, Morningstar alleges causes of action for breach of contract, fraud, injurious falsehood, and indemnification.[1]

Morningstar has filed this Motion in this Court pursuant to the Order Establishing Receivership Estate. The Order states that "any claim or suit that seeks recovery from Receivership Property, or that is hereinafter filed against the Source Entities, Receivership Property, Receivership Records, or the Receiver shall be filed in this Court in the within Receivership proceedings." *See SEC v. Stinson*, No. 10-3130, D.E. 29, ¶31 (E.D.Pa. Sept. 13, 2010). Further, the Order states that "any person or entity wishing to continue to pursue or initiate a civil action or other proceeding against the Source Entities, Receivership Property, Receivership Records, or the Receiver may do so only after obtaining express permission from this Court to do so." *Id.*

The Third Circuit adopted a three-part test for determining whether to lift a receivership stay. *United States v. Acorn Technology Fund, L.P.*, 429 F.3d 438, 444 (3d Cir. 2005). The district court should consider:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

*Id.* at 443 (quoting *SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984)). The Court must evaluate the interests of both parties. The primary interests of the Receiver are "not only protection of the receivership *res*, but also protection of defrauded investors and considerations of judicial economy." *Id.* But those considerations must be balanced by "an appropriate escape valve, which allows potential litigants to petition the court for permission to sue…so that

---

[1] Morningstar has attached a copy of its Complaint as Exhibit 1 herein.

2

litigants are not denied a day in court during a lengthy stay." *Id.* Balancing these considerations, Morningstar's motion should be granted for four principal reasons.

First, Morningstar's claims should be permitted to go forward now because the Receiver recently filed suit against Morningstar on behalf of the Source Entities and Morningstar will suffer injury if it is not permitted to assert its claims now. Because the discovery and issues will be related, it is in the best interests of the Receivership Estate, and judicial economy, that these disputes proceed now so that they can be coordinated and not be decided piecemeal.

Second, because the Receiver's suit against Morningstar was just filed, it makes most sense at this point in the Receivership to allow this filing and coordinate the actions.

Third, Morningstar's claims are substantial and have merit. Stinson and the Source Entities submitted information to Morningstar that they knew was false with the intent to manipulate Morningstar's hedge fund database and ratings. Morningstar relied on the false information in maintaining the information in its database. The Department of Justice found, in their criminal indictment of Mr. Stinson, that he had lied to and deceived Morningstar. Defendants also lied to third parties about Morningstar's products relating to hedge funds and Morningstar's activities with respect to the Source Entities. Stinson and others also registered for at least one subscription with Morningstar.com Premium to obtain access to hedge fund information on the Morningstar.com Premium website. In doing so, they executed user and accredited investor agreements, which they then breached by unlawfully distributing Morningstar website screen pages and sharing Morningstar passwords with third parties. As a result Morningstar has incurred substantial costs and suffered reputational harm. Pursuant to the user agreements Stinson and others executed, Morningstar is entitled to indemnification from the Source Entities for this conduct.

WHEREFORE, Morningstar respectfully requests that this Court grant its Motion for Leave to File Complaint and enter an Order in the form attached hereto.

Respectfully submitted,

_____
Jeffery A. Dailey (I.D. No. 85993)
Natalie Lesser (I.D. No. 309334)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103-7013
Phone: (215) 965-1200
Facsimile: (215) 965-1210

Dated: April 2, 2012

Counsel for Morningstar, Inc.

4

## CERTIFICATE OF SERVICE

I, Natalie Lesser, hereby certify that on the 2nd day of April, 2012, a true and correct copy of Morningstar, Inc.'s Motion For Leave to File Complaint was served upon the following via email and first class mail:

Gaetan J. Alfano
J. Peter Shindel, Jr.
PIETRAGALLO GORDON ALFANO
  BOSICK & RASPANTI, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103

*Natalie Lesser* (signature)
Natalie Lesser