IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| ROBERT STINSON, JR., et al., | : | No. 10-3130 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                            **June 4, 2012**

     In establishing a receivership estate to recover funds stolen in a Ponzi scheme, this Court stayed all litigation against certain entities and required Court permission prior to filing a lawsuit against those entities. Morningstar, Inc. seeks to lift the stay of litigation currently in place to permit it to file a complaint against Robert Stinson, Jr., Keystone State Capital Corporation, Life's Good STABL Mortgage Fund LLC, and Receiver Kamian Schwartzman. The United States Securities and Exchange Commission ("SEC") and the Receiver oppose the motion. For the following reasons, the Court denies the motion.

### I.    BACKGROUND

     By Order dated September 13, 2010, this Court established a receivership estate to recover funds stolen in a Ponzi scheme perpetrated by Robert Stinson, Jr. The Order stays all litigation against the "Source Entities" and states that "any person or entity wishing to continue to pursue or initiate a civil action or other proceeding against the Source Entities, Receivership Property, Receivership Records, or the Receiver may do so only after obtaining express permission from this Court to do so." (Order Establishing Receivership Estate, Document No. 29, ¶ 31.) According to the

Receiver's most recent quarterly report, several ancillary actions are pending, and the Receiver continues to investigate potential claims against additional third parties. (Sixth Quarterly Status Report of Kamian Schwartzman, Court Appointed Receiver, Document No. 231.) The Receiver has not yet determined whether he will recover funds sufficient to warrant a distribution to defrauded investors. (*Id.*).

On April 2, 2012, the Receiver sued Morningstar, seeking contribution under Section 10(b) of the Securities Exchange Act and alleging claims of aiding and abetting breach of fiduciary duty and fraud. On the same day, Morningstar filed a motion for leave to file a complaint against the Receiver and three Source Entities—Robert Stinson, Jr., Keystone State Capital Corporation, and Life's Good STABL Mortgage Fund LLC. Morningstar's proposed complaint alleges breach of contract, fraud, injurious falsehood, and a right to indemnification under Morningstar's user agreement. (Morningstar Inc.'s Mot. for Leave to File Compl. Ex. 1 [Proposed Compl.].)

**II.     DISCUSSION**

The purpose of a litigation stay entered pursuant to a receivership order is to give the receiver "a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant." *United States v. Acorn Tech. Fund, L.P.*, 429 F.3d 438, 443 (3d Cir. 2005). "Nevertheless, an appropriate escape valve, which allows potential litigants to petition the court for permission to sue, is necessary so that litigants are not denied a day in court during a lengthy stay." *Id.* To determine whether to lift a stay of litigation under these circumstances, a district court should consider: "(1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the

time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim." *Id.* (quoting *SEC v. Wencke* (*Wencke II*), 742 F.2d 1230, 1231 (9th Cir. 1984)). The movant has the burden of proving that these factors weigh in favor of lifting the stay. *SEC v. Illarramendi*, Civ. A. No. 11-78, 2012 WL 234016, at *4 (D. Conn. Jan. 25, 2012).

### A.     Balancing the Interests of the Receiver and Morningstar

The first question is "whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed." *Acorn Tech.*, 429 F.3d at 443. Morningstar argues that its claims "could be compromised by the passage of time if not asserted now," but it has failed to identify any substantial injury that might arise as a result of the delay. (Morningstar, Inc.'s Omnibus Reply Br. in Supp. of Mot. for Leave to File Compl. [Morningstar's Reply] at 5.) The mere fact that Morningstar's claims will be postponed until after the Receiver has finished untangling the estate's assets is not a substantial injury. *See Acorn Tech.*, 429 F.3d at 449 ("Not being allowed the first bite at the apple is not the kind of substantial injury we will recognize under the first prong . . . ."). Morningstar also asserts that it will suffer substantial injury because its proposed claims raise discovery and legal issues that overlap with the Receiver's claims against Morningstar, and addressing these claims in separate actions would increase litigation costs. However, the litigation stay does not prevent Morningstar from using the discovery from the Receiver's claims to support any future claims against the Receiver. *See id.* (recognizing that discovery in the receiver's suit against the movant would help to illuminate the movant's claim). Moreover, the Court defers to the Receiver's judgment, rather than Morningstar's, about the most efficient use of receivership assets at this stage. *See id.* at 443 ("A district court should give

appropriately substantial weight to the receiver's need to proceed unhindered by litigation, and the very real danger of litigation expenses diminishing the receivership estate.").

In an attempt to address the concerns raised by the SEC and the Receiver, Morningstar has proposed that the Court allow its claims to proceed but stay the execution of any judgment obtained. Granting this relief to Morningstar, however, would inevitably lead to similar requests from other defrauded investors, thus subjecting the receivership estate to substantial litigation expenses. *See id.* at 449 (in seeking to collect debts owed to the estate, "the receiver simply does not consent to the bringing of a counterclaim by every debtor"); *FTC v. Med Resorts Int'l, Inc.*, 199 F.R.D. 601, 609 (N.D. Ill. 2001) (recognizing that lifting a stay for certain claimants would open the door to others, and "the assets of the receivership estate would quickly be diminished"). The Court concludes that lifting the stay would not preserve the status quo in this case. *See SEC v. Byers*, 592 F. Supp. 2d 532, 537 (S.D.N.Y. 2008), *aff'd*, 609 F.3d 87 (2d Cir. 2010) ("The Receiver is charged with protecting the investors as a whole, and thus the best way to maintain the status quo is to permit him to carry on with his investigation.").

### B. The Timing of Morningstar's Motion in the Course of the Receivership

The second consideration is "the time in the course of the receivership at which the motion for relief from the stay is made." *Acorn Tech.*, 429 F.3d at 443. There is no "clear cut-off date after which a stay should be presumptively lifted," and the inquiry is "inherently case-specific." *Id.* at 450. The receivership has been in place since September 13, 2010, less than twenty-one months—a relatively short period of time. *See, e.g.*, *id.* at 449-50 (refusing to lift stay in effect for thirty to thirty-six months); *SEC v. Wencke* (*Wencke I*), 622 F.2d 1363, 1374 (9th Cir. 1980) (refusing to lift stay in effect for over two years); *United States v. ESIC Capital, Inc.*, 685 F. Supp. 483, 485 (D. Md.

1988) (noting that motion to lift stay came "at a fairly youthful age of the receivership—two years since its inception"). The Receiver continues to gather facts and has not yet determined whether a distribution to defrauded investors will be possible. *See Wencke II*, 742 F.2d at 1232 (lifting stay after seven years, emphasizing that no new facts had been discovered in six years and that the receiver was ready to distribute assets). Morningstar asserts that the Receiver's activities are now "almost solely related to litigation" but does not explain why this is a relevant consideration. (Morningstar's Reply at 7.) Marshaling the estate's assets, through litigation if necessary, is one of a receivership's primary functions. *See Acorn Tech.*, 429 F.3d at 449. As the receivership is still at an early stage, this factor weighs in favor of maintaining the stay.

        **C.**     **The Merits of Morningstar's Underlying Claims**

The final factor is "the merit of the moving party's underlying claim." *Id.* at 443. "A district court need only determine whether the party has *colorable* claims to assert which justify lifting the receivership stay." *Id.* at 444. The Receiver argues that all of Morningstar's proposed claims lack merit, while the SEC takes no position on their merit. Even assuming the underlying claims are colorable, however, the Court concludes that lifting the stay is not warranted due to the weight of the other factors. *See id.* at 443-44 ("[V]ery early in a receivership even the most meritorious claims might fail to justify lifting a stay given the possible disruption of the receiver's duties."); *Illarramendi*, 2012 WL 234016, at *6 ("[C]ourts are generally unwilling to delve deeply into the merits where the first two factors weigh heavily in favor of maintaining the litigation stay.").

**III.**    **CONCLUSION**

For the reasons stated, the Court denies Morningstar's motion for leave to file a complaint.

An Order consistent with this Memorandum will be docketed separately.