IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
SECURITIES AND EXCHANGE COMMISSION, :
:
    Plaintiff, :
  v. : Civil Action No.
: 10-CV-03130
ROBERT STINSON, JR., et al., :
: HON. BERLE M. SCHILLER
    Defendants, and :
:
FIRST COMMONWEALTH SERVICE COMPANY, :
et al., :
    Relief Defendants. :
_____:

**MEMORANDUM OF LAW IN SUPPORT OF FIRST CITIZENS BANK & TRUST
COMPANY'S MOTION TO INTERVENE**

First Citizens Bank & Trust Company ("FCB"), by and through its undersigned counsel, Bovarnick and Associates, LLC and pursuant to Fed. R. Civ. P. 24(a)(2), hereby files this, its Memorandum of Law in Support of First Citizens Bank & Trust Company's Motion to Intervene and, in support thereof, states as follows:

**INTRODUCTION**

On November 13, 2010, this Court appointed Kamian Schwartzman as the Receiver (the "Receiver") of a receivership estate that includes the assets of entities owned or controlled by the Defendants and others (the "Receivership Estate"). The Receiver claims that the Receivership Estate includes three contiguous parcels of real property located in Montrose County, Colorado (collectively the "Talking Water Property" or the "Property"), owned by Talking Water, LLC ("Talking Water"). FCB is the holder of tax sale certificates

for two of the three parcels issued by the Montrose County Treasurer subsequent to a public sale of tax liens upon the Property. Under Colorado law, FCB is entitled to receive tax deeds confirming its ownership of the two parcels.

This Court has issued an Order prohibiting the Montrose County Treasurer from issuing any tax deeds to the Property. This Court's Order Establishing Receivership Estate prohibits FCB from initiating legal action to protect its property rights without leave of this Court. Accordingly, the disposition of this action threatens to and does impair and impede FCB's protection of its interests. FCB therefore has a right to intervene under Fed. R. Civ. P. 24(a)(2). FCB requests the Court to allow FCB's intervention and to grant FCB's Motion for Relief Regarding Talking Water Property (the "Motion for Relief"), filed separately herewith.

## BACKGROUND

On September 13, 2010, this Court entered its Order Establishing Receivership Estate (Doc. 29, the "Estate Order"). The Estate Order defines the Receivership Property to include all assets of the Defendants, the Relief Defendants, and entities that they own or control, together with "any other assets that may be collected in the captioned matter." The Receiver contends that the Receivership Property includes the Talking Water Property. The Receiver has filed a separate action in this Court, *Schwartzman v. Talking Water, LLC, et al.*, No. 11-CV-03934 (BMS) (the "Talking Water Action"), seeking injunctive and other relief relating to the Talking Water Property and other assets under the ownership and control of Talking Water, LLC and the other Defendants in that action.

For purposes of this Motion, FCB assumes, without conceding, that the assets of Talking Water are Receivership Property.  FCB disputes, however, the Receiver's position that the Talking Water Property is an asset of Talking Water.  FCB maintains that under Colorado law, the holders of the tax certificates for the Property have a present and unconditional right to receive tax deeds to the Property and the County Treasurer has a duty to issue the tax deeds.  If FCB is correct, then the Talking Water Property is no longer an asset of Talking Water, is not a part of the Receivership Property, and is not subject to the jurisdiction of this Court.  Moreover, as shown in FCB's Motion for Relief, there is no equity in the Property and no hope that the Receiver could receive net proceeds of a sale of the Property, even if the Property were part of the Receivership Estate.

Paragraph 30 of the Estate Order provides, in part, that "[a]ll claims and actions to determine disputes relating to Receivership Property . . . shall be filed in this Court." Paragraph 31 of the Estate Order provides in part:

> . . . Any person or entity wishing to . . . initiate a civil action or other proceeding against . . . Receivership Property . . . or the Receiver may do so only after obtaining express permission from this Court to do so. Any claim or suit . . . that is hereinafter filed against . . . Receivership Property . . . or the Receiver, shall be filed in this Court in the within Receivership proceedings. . . .

As is shown in FCB's Motion for Relief filed herewith, the most appropriate action and forum for determining FCB's interest is a quiet title action in Montrose County, Colorado, brought by FCB against the Receiver, the Montrose County Treasurer, and all other persons who have an interest in the two parcels claimed by FCB.  The Estate Order impairs and

3

impedes FCB's right to bring such an action to confirm and protect FCB's ownership rights in the two parcels for which it holds the tax certificates.

On May 23, 2012, this Court entered an Order granting the Receiver's Motion to Enforce the Order Establishing Receivership Estate (Doc. 243, the "Enforcement Order"). The Enforcement Order directs the Montrose County Treasurer to postpone issuance of tax deeds for the Talking Water Property pending further order of the Court. At the time of the Enforcement Order, FCB was not the holder of the tax certificates for the two parcels, and the time for issuance of deeds under Colorado law had not arrived. Now, however, FCB is the holder of tax certificates on two parcels and FCB has an unconditional right to receive the tax deeds under Colorado law. Thus, the Enforcement Order impairs and impedes FCB's right to obtain title to the two parcels and to exercise its rights incident to ownership.

In the Talking Water Action, the Receiver has obtained an Order authorizing the Receiver to list and market the Talking Water Property (the "Marketing Order"). In the Talking Water action, FCB is filing a separate motion to intervene and a motion to vacate the Marketing Order, to revoke the Receiver's authority to market the Property pending adjudication of FCB's claim to ownership of the two parcels.

The combined effect of the Estate Order, Enforcement Order and Marketing Order is that the Montrose County Treasurer is prohibited from issuing tax deeds to FCB as required by Colorado law, and FCB is prevented from perfecting and protecting its rights in the two parcels, while the Receiver is permitted to market the Property for sale. From FCB's perspective, it appears the Receiver is attempting to engineer an end-run around FCB's

procedural and substantive rights without seeking any adjudication of the disputed issue of who rightfully owns the Property.

## LEGAL ARGUMENT

Motions to intervene are governed by Federal Rule of Procedure 24.  *Alexander Finance C.D., Inc., v. Sirotosky,* 2004 WL 1552001 (E.D. Pa. 2004).  Rule 24(a) states that "[o]n timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The Third Circuit has interpreted Rule 24(a)(2) to include four requirements to intervene: (1) the intervention must be timely; (2) the intervenor must have a sufficient interest relating to the subject of the action; (3) the action must potentially impede the applicant's ability to protect its interest; and (4) the existing parties must not adequately represent the applicant's interest. *Mountain Top Condominium Association v. Dave Stabbert Master Builder, Inc*., 72 F. 3d 361, 366 (3d Cir. 1995) (citations omitted).  The claimed interest in the litigation must be specific to the entity seeking to intervene, capable of definition, and directly affected in a substantially concrete fashion by the relief sought. *Kleissler v. U.S. Forest Service*, 157 F. 3d 964, 972 (3d Cir. 1998).

Here, FCB claims an interest relating to two of the parcels within the Talking Water Property, which is part of the subject matter of this action insofar as the Receiver asserts that the Property is part of the Receivership Property.  The Court's Orders, as a practical matter,

have impaired and continue to impair FCB's ability to protect its interest, because FCB cannot obtain its tax deeds and cannot bring a quiet title action in Colorado to adjudicate its interest.  The existing parties in this action do not adequately represent FCB's interest, because there is no incentive for any party to assist FCB in obtaining clear title to the two parcels that it rightfully owns.  Thus, all requirements for intervention as of right under Rule 24(a)(2) are satisfied.

Rule 24(c) provides:  "A motion to intervene must be served on the parties as provided in Rule 5.  The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  FCB is serving this Motion on all parties.  This Motion states the grounds for intervention.  FCB's Motion for Relief and the proposed state court Complaint satisfy the pleading requirement.

Finally, because the Estate Order requires that all actions and proceedings against Receivership Property and the Receiver must be approved by this Court, intervention must be permitted to enable FCB to seek such approval.

A proposed Order Permitting Intervention is submitted herewith.

WHEREFORE, First Citizens Bank & Trust Company ("FCB") requests leave to intervene as of right.

                                                 BOVARNICK AND ASSOCIATES, LLC

                              By:   /s/  Robert M. Bovarnick
                                        Robert M. Bovarnick
                                        PA ID No. 48098
                                        2 Logan Square, Suite 2030
                                        Philadelphia, PA 19103

(215) 568-4480
Attorneys for First Citizens Bank & Trust Company

F. Brittin Clayton, III
Co. Id. No. 15940
Ryley Carlock & Applewhite
1700 Lincoln Street, Suite 3500
Denver, CO 80203
Attorneys for First Citizens Bank & Trust Company
(pro hac vice motion pending)

Dated: July 16, 2013