IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, Plaintiff, v. ROBERT STINSON, JR., et al., Defendants/Relief Defendants. | CIVIL ACTION NO. 10-CV-03130 HON. BERLE M. SCHILLER |
| KAMIAN SCHWARTZMAN, Plaintiff, v. TALKING WATER, LLC, et al. Defendants. | CIVIL ACTION NO. 11-3934 HON. BERLE M. SCHILLER |

### MOTION TO VACATE THE COURT'S ORDERS WITH RESPECT TO THE TALKING WATER PROPERTY

Kamian Schwartzman, Court appointed Receiver for the Receivership Estate established by Order of this Court in the matter of SEC v. Robert Stinson, Jr., et al, Civil Action No. 10-03130, (the "Receiver"), hereby moves the Court to enter an Order vacating: (1) its September 13, 2011 Order (Case No. 10-03130, Doc. No. 206), postponing the foreclosure of certain real estate owned by Talking Water, LLC; (2) its May 23, 2012 Order (Case No. 10-03130, Doc. No. 243), postponing the issuance of any deeds transferring the real estate owned by Talking Water, LLC; and (3) its March 18, 2013 Order (Case No. 11-3934, Doc. No. 93), allowing the parties to list and market the real estate owned by Talking Water, LLC, as set forth below:

1.      On June 16, 2011, the Receiver filed an ancillary Complaint against, inter alia, Talking Water, LLC; Jürgen and Lisa Denk; and various limited liability companies owned and controlled by Mr. and Mrs. Denk. The Receiver's action was docketed in this Court as Kamian Schwartzman v. Talking Water, LLC, et al., No. 11-cv-03934 (BMS) (the "Talking Water Action"). See Case No. 11-3934, Doc. No. 1.

2.      On July 26, 2011, the Receiver moved for a temporary restraining order in the Talking Water Action preventing Mr. and Mrs. Denk, and the LLCs under their control, from liquidating various real estate holdings, without the prior consent of this Court. See Case No. 11-3934, Doc. No. 10.

3.      On July 27, 2011, the Court issued the TRO requested by the Receiver in the Talking Water Action and scheduled a preliminary injunction hearing for August 8, 2011. See Case No. 11-3934, Doc. No. 11.

4.      After that hearing was held, the Court issued a preliminary injunction on August 10, 2011. In connection with the preliminary injunction, the Court found that certain of the Receiver's claims, including his RICO claims, against Mr. and Mrs. Denk, and their corporate alter egos – including Talking Water, LLC – were likely to succeed on the merits. See Case No., 11-3934, Doc. No. 20.

5.      The Order Establishing Receivership Estate requires any third parties who receive actual notice of its terms to, inter alia, "not liquidate, transfer, sell, convey or otherwise transfer any" assets in which the Source Entities (including Life's Good, Inc., Life's Good STABL Mortgage Fund, LLC, and Life's Good High Yield Mortgage Fund, LLC) "has or had any beneficial interest." See Case No. 10-03130, Doc. No. 29, ¶ 15(A).

6. Talking Water currently holds title to real property located in Montrose County, Colorado (the "Property"). As alleged in the Receiver's Complaint in the Talking Water Action, the Source Entities have a beneficial interest in the Property in that they paid at least $1,065,000.00 to Talking Water, LLC based on representations that the Source Entities would be secured lenders with a first-position interest in the Property and that some portion of the funds would be used to secure equity in Talking Water, LLC, through which the Source Entities would become beneficial owners of the real estate.

7. The Receiver has requested the Court to enforce the Order Establishing Receivership Estate with respect to the Property, on two occasions: (a) to prevent foreclosure by a lienholder, Triple KL, LLC; and (b) to prevent the issuance of the Treasurer's deeds to the purchasers of delinquent tax liens.

8. As mentioned in the preceding paragraph, an entity known as Triple KL, LLC is on record as holding a $1.5 million lien secured by a portion of the Property. Triple KL begun the process of foreclosing on the portion of the Property securing the lien, and the foreclosure was scheduled for September 14, 2011.

9. On September 12, 2011, the Receiver filed a Motion to Enforce the Order Establishing Receiver Estate, requesting the Court to enter an Order directing the Public Trustee of Montrose County, Colorado to postpone the foreclosure of the Property. See Case No. 10-03130, Doc. No. 205.

10. On September 13, 2011, the Court granted the Receiver's Motion and entered an Order postponing the foreclosure of the Property until further order of the Court. See Case No. 10-03130, Doc. No. 206.

11. Also mentioned in paragraph 7, above, on October 30, 2008, the Treasurer for

Montrose County, Colorado publicly auctioned delinquent tax liens on the three parcels of the Property.

12. Pursuant to Colorado statute and local practice, the Montrose County Treasurer provided notice that it intended to issue Treasurer's deeds to the purchasers of these delinquent tax liens on May 30, 2012 and August 23, 2012, unless the liens were redeemed.

13. On May 22, 2012, the Receiver filed a Motion to Enforce the Order Establishing Receiver Estate, requesting the Court to enter an Order directing the Public Trustee of Montrose County, Colorado to postpone issuance of any deeds transferring title to the Property. See Case No. 10-03130, Doc. No. 242.

14. On May 23, 2012, the Court granted the Receiver's Motion and entered an Order postponing the issuance of any deeds transferring the Property until further order of the Court. See Case No. 10-03130, Doc. No. 243.

15. Subsequently, in order to maximize the potential recovery for the Receivership, the Receiver agreed to work with Talking Water, LLC and certain lienholders in an attempt to sell the Property and equitably split the proceeds. To this end, the Receiver and Talking Water, LLC, filed a Joint Motion on March 18, 2013, seeking Court approval to list and market the Property. See Case No. 11-3934, Doc. No. 92.

16. On March 19, 2013, the Court granted the Joint Motion, allowing the parties to market and list the Property. See Case No. 11-3934, Doc. No. 93.

17. The parties thereafter undertook efforts to sell the Property; however, to date, the Receiver is not aware of any offers being made to purchase the Property. The Receiver also has authorized the listing agent to reduce the sales price of the Property. Nonetheless, no offers have been made to purchase the Property.

18. On July 18, 2013, First Citizens Bank & Trust Company ("FCB"), another lienholder on the Property, filed Motions to Intervene (Case No. 10-03130, Doc. No. 295; Case No. 11-3934, Doc. No. 96), a Motion to Vacate (Case No. 11-3934, Doc. No. 98) and a Motion for Relief (Case No. 10-03130, Doc. No. 296).

19. In its filings, FCB seeks relief from the Court's May 23, 2012 Order, staying the issuance of the Treasurer's deeds, and the Court's March 19, 2013 Order, allowing the parties to market and list the Property. FCB's Motions are primarily based on appraisals it has obtained, which value the Property at a level where the Receiver would not recover any proceeds even if the Property was sold.

20. As previously reported to the Court, the Receiver and FCB thereafter entered into an agreement to resolve FCB's pending Motions. Pursuant to this agreement, the Receiver is hereby requesting the Court to vacate its September 13, 2011, May 23, 2012 and March 19, 2013 Orders in exchange for a lump sum payment of $30,000.00.

21. The Receiver has determined that this settlement is in the best interests of the Receivership Estate, given the lump sum payment offered by FCB, the futility of the efforts to continue to sell the Property, and the anticipated recovery, if any, for the Receivership if the Property eventually were to sell at its fair market value.

22. Talking Water, LLC has filed a response to FCB's Motions, arguing, inter alia, that there is equity in the Property and that proceeds will flow to the Receivership, among others, if the Property can remain listed for sale. See Case No. 11-3934, Doc. No. 104.

23. Talking Water, however, fails to mention that the Listing Agent has recommended reducing the list price for the Property from the original $2.6 million price to $1.5 – 2 million and then again to $1.3 – 1.6 million. At the latest price level of $1.3 – 1.6 million,

the proceeds of any sale would go to satisfy overdue taxes and priority lienholders, and the Receivership would likely receive nothing. Thus, the Receiver's best option to recover funds for the Estate is the instant settlement with FCB.

24. Also, Talking Water's reference in its response to the Listing Agreement to sell the Property, which expires on October 11, 2013, is of no consequence to this Motion. The Listing Agreement is between Talking Water, LLC and the Listing Agent; the Receiver is not a party. Accordingly, the Receiver is not bound to that agreement, and the Receiver may appropriately request the Court to vacate its Order, which allowed the Property marketed and listed for sale.

25. The Receiver has shared a copy of this Motion with counsel for FCB, and counsel for FCB concurs with the relief requested.

WHEREFORE, Receiver Kamian Schwartzman respectfully requests the Court to enter an Order vacating its: (1) September 13, 2011 Order (Case No. 10-03130, Doc. No. 206), postponing the foreclosure of certain real estate owned by Talking Water, LLC; (2) May 23, 2012 Order (Case No. 10-03130, Doc. No. 243), postponing the issuance of any deeds transferring the real estate owned by Talking Water, LLC; and (3) March 18, 2013 Order (Case No. 11-3934, Doc. No. 93), allowing the parties to list and market the real estate owned by Talking Water, LLC. The Receiver further requests that the relief requested by Talking Water in its Response (Case No. 11-3934, Doc. No. 104) be denied and that this Court deny First Citizens Bank & Trust Company's Motions to Intervene (Case No. 10-03130, Doc. No. 295; Case No. 11-3934, Doc. No. 96), Motion to Vacate (Case No. 11-3934, Doc. No. 98) and Motion for Relief (Case No. 10-03130, Doc. No. 296) as moot.

                    Respectfully submitted,

                    **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

By: _____
                    GAETAN J. ALFANO, ESQUIRE
                    ETHAN J. BARLIEB, ESQUIRE
                    I.D. Nos. 32971 and 205805
                    1818 Market Street, Suite 3402
                    Philadelphia, PA  19103
                    (215) 320-6200

                    *Attorneys for Kamian Schwartzman, Receiver*

Dated:  September 4, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT STINSON, JR., et al.<br><br>Defendants. | Civil Action No. 10-cv-3130-BMS |

## CERTIFICATE OF SERVICE

I do hereby certify that on this 4th day of September, 2013, I caused a true and correct copy of the foregoing document to be served on the following and in the manner indicated below:

### VIA ELECTRONIC MAIL OR
### FIRST CLASS MAIL (AS INDICATED)

| | |
|---|---|
| Robert S. Stinson, Jr.<br>First Commonwealth Service Company,<br>IA Capital Fund, LLC, Life's Good, Inc.,<br>Keystone State Capital, Corporation,<br>Life's Good Capital Growth Fund, LLC,<br>Life's Good High Yield Mortgage Fund, LLC,<br>Life's Good STABL Mortgage Fund, LLC<br><br>**(All companies c/o Robert S. Stinson, Jr.)**<br>Reg. No. 02584-015<br>FCI-Gilmer<br>P.O. Box 6000<br>Glenville, WV 26351-6000<br>(*via first class mail*)<br><br>Michael G. Stinson<br>(*via electronic mail*)<br>michaelgstinson@msn.com | Christine A. Stinson<br>58 Main Street<br>Chesterbrook, PA 19087<br>(*via electronic mail*)<br>castinson7@gmail.com<br><br><br>Laura Marable<br>P.O. Box 1213<br>Volcano, HI 96785<br>(*via electronic mail*:<br>tigerlily_6648@yahoo.com |

VIA E-MAIL
**AND FIRST CLASS MAIL**

Triple KL, LLC
c/o David Kienholz
1563 Ogden Road
Montrose, CO 81401
kienholz@montrose.net

R. Hunter Ellington, Esquire
Gorrell Giles Gollata PC
1331 Seventeenth Street
Suite 1000
Denver, CO 80202
hunter@glawpc.com

*Counsel for First Citizens Bank*

Rosemary M. Murphy
Lori L. Smith
Montrose County Treasurer
P.O. Box 609
Montrose, CO 81402
rmurphy@montrosecounty.net
lsmith@montrosecounty.net

Ephraim Fiksel
Clark Farb Fiksel LLP
188 Avenue Road
Toronto, Ontario M5R 2J1
efiksel@cfflaw.com

*Counsel for Patricia McNamara*

**VIA COURT'S ECF SYSTEM**:

Catherine E. Pappas, Esquire
Senior Trial Counsel
United States Securities and Exchange Commission
Philadelphia Regional Office
701 Market Street, Suite 2000
Philadelphia, PA   19106

2

G. Jeffrey Boujoukos
U.S. Securities & Exchange Commission
701 Market St Ste 2000
Philadelphia, Pa 19106
*Counsel for Plaintiff, Securities and Exchange Commission*

Ellen C. Brotman, Esquire
Montgomery McCracken
123 South Broad Street
Philadelphia, PA 19109
*Counsel for Relief Defendant Susan L. Stinson*

Jeffrey A. Dailey, Esquire
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Street
Suite 4100
Philadelphia, PA 19103-7013
*Counsel for Morningstar, Inc.*

Robert M. Bovarnick
Bovarnick & Associates LLC
Two Logan Square, Suite 2030
100 North 18th Street
Philadelphia, PA 19103

F. Brittin Clayton, III
Ryley Carlock & Applewhite
1700 Lincoln Street, Suite 3500
Denver, CO 80203

*Attorneys for First Citizens Bank and Trust Company*

        **PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

By:  /s/ Ethan J. Barlieb
       ETHAN J. BARLIEB, ESQUIRE
       1818 Market Street, Suite 3402
       Philadelphia, PA 19103
       (215) 320-6200
       ejb@pietragallo.com

       *Counsel for Court Appointed Receiver, Kamian Schwartzman*

Dated: September 4, 2013

## CERTIFICATE OF SERVICE

I, Ethan J. Barlieb, hereby certify that on this 4th day of September, 2013, I caused a true and correct copy of the foregoing document to be served on the individuals and in the manner indicated below:

### VIA ECF SYSTEM

John A. Meininger, Esq.
3773 Cherry Creek Drive North
Suite 575
Denver, CO 80209
john.meininger@hotmail.com

*Attorney for Jürgen Denk, Lisa Denk, Talking Water, LLC, Pulse Asset Management, LLC, and LKJ Services, LLC*

Robert M. Bovarnick
Bovarnick & Associates LLC
Two Logan Square, Suite 2030
100 North 18th Street
Philadelphia, PA 19103

F. Brittin Clayton, III
Ryley Carlock & Applewhite
1700 Lincoln Street, Suite 3500
Denver, CO 80203

*Attorneys for First Citizens Bank and Trust Company*

### VIA FIRST CLASS MAIL

Michael McNamara
Sierra Capital Resources, LLC (c/o Michael McNamara)
Brentwood Equity Advisors, LLC (c/o Michael McNamara)
1750 East Cedar Avenue
Denver, CO 80209

*Defendants*

VIA E-MAIL
<u>AND FIRST CLASS MAIL</u>

Triple KL, LLC
c/o David Kienholz
1563 Ogden Road
Montrose, CO 81401
<u>kienholz@montrose.net</u>

R. Hunter Ellington, Esquire
Gorrell Giles Gollata PC
1331 Seventeenth Street
Suite 1000
Denver, CO 80202
<u>hunter@glawpc.com</u>

*Counsel for First Citizens Bank*

Rosemary M. Murphy
Lori L. Smith
Montrose County Treasurer
P.O. Box 609
Montrose, CO 81402
<u>rmurphy@montrosecounty.net</u>
<u>lsmith@montrosecounty.net</u>

Ephraim Fiksel
Clark Farb Fiksel LLP
188 Avenue Road
Toronto, Ontario M5R 2J1
<u>efiksel@cfflaw.com</u>

*Counsel for Patricia McNamara*


                                         <u>/s/ Ethan J. Barlieb</u>
                                         Ethan J. Barlieb, Esquire

                                         *Attorney for Plaintiff*

2476204v1