IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT STINSON, JR.<br>LIFE'S GOOD, INC.<br>LIFE'S GOOD STABL MORTGAGE FUND, LLC<br>LIFE'S GOOD HIGH YIELD MORTGAGE<br>    FUND, LLC<br>LIFE'S GOOD CAPITAL GROWTH FUND, LLC<br>IA CAPITAL FUND, LLC<br>KEYSTONE STATE CAPITAL CORPORATION<br><br>Defendants, and<br><br>FIRST COMMONWEALTH SERVICE<br>    COMPANY<br>SUSAN L. STINSON<br>CHRISTINE A. STINSON<br>MICHAEL G. STINSON<br>LAURA MARABLE<br><br>Relief Defendants. | CIVIL ACTION NO.<br>10-CV-03130 (BMS)<br><br><br>HON. BERLE M. SCHILLER |

FIFTEENTH QUARTERLY STATUS REPORT OF
KAMIAN SCHWARTZMAN, COURT APPOINTED RECEIVER

Gaetan J. Alfano
Brett C. Shear
Pietragallo Gordon Alfano
Bosick & Raspanti, LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................1

II. OVERVIEW OF THE RECEIVER'S ACTIVITIES ............................................4

    A. ASSET RECOVERY – ASSETS IN THE POSSESSION,
       CUSTODY AND CONTROL OF THE RECEIVERSHIP ESTATE .............4

       1. Liquid Assets ...........................................................................................4

       2. Illiquid Assets ..........................................................................................5

          a. Miscellaneous Personal Property.......................................5

          b. Other Property....................................................................5

    B. ASSET RECOVERY – ANTICIPATED ASSETS NOT YET IN
       IN THE POSSESSION OF THE RECEIVERSHIP ESTATE .......................5

       1. Pending Litigation....................................................................................5

       2. Surety Bond and Other Insurance Policies ..............................................8

    C. ADMINISTRATIVE TASKS AND MISC. LEGAL TASKS ........................8

       1. Website ....................................................................................................8

       2. Status of Creditor Claims ........................................................................9

III. RECEIVER'S POTENTIAL LITIGATION MATTERS ........................................9

IV. INVESTOR INFORMATION..................................................................................9

V. RECEIVER'S PLAN ..............................................................................................10

Kamian Schwartzman (the "Receiver"), the Court appointed Receiver with control over the assets and records of Robert Stinson, Jr., Life's Good, Inc., Life's Good STABL Mortgage Fund, LLC, Life's Good High Yield Mortgage Fund, LLC, Life's Good Capital Growth Fund, LLC, IA Capital Fund, LLC, Keystone State Capital Corporation, First Commonwealth Service Company, Susan L. Stinson, Christine A. Stinson, Michael G. Stinson, and Laura Marable (collectively the "Source Entities") files his Fifteenth Quarterly Status Report in accordance with the Court's Order Establishing Receivership Estate of September 13, 2010, and reports to the Court as follows:

## I.   INTRODUCTION

On June 29, 2010, the Securities and Exchange Commission ("SEC") filed a Complaint against Defendants Robert Stinson, Jr. ("Stinson"), Life's Good, Inc., Life's Good STABL Mortgage Fund, LLC, Life's Good High Yield Mortgage Fund, LLC, Life's Good Capital Growth Fund, LLC, IA Capital Fund, LLC, and Keystone State Capital Corporation, alleging that Stinson and his entities engaged in securities fraud and conducted a Ponzi scheme, by falsely representing that they were successfully investing in various real estate ventures. Instead of investing in real estate, Stinson was using the investor funds for speculative investments, for personal use, and was transferring the funds to family members and others. The SEC Complaint also named First Commonwealth Service Company, Susan L. Stinson, Christine A. Stinson, Michael G. Stinson, and Laura Marable as Relief Defendants, alleging that they were unjustly enriched by receiving investor funds. Simultaneous with the filing of the Complaint, the SEC obtained a Temporary Restraining Order that, among other things, froze the assets of the Defendants and the Relief Defendants (the "TRO").

Subsequently, by consent, this Court entered Orders of preliminary injunction and granting other relief, which inter alia extended the asset freezes indefinitely. The Court then entered Orders Establishing Receivership Estate (Docket No. 29) and appointing Kamian Schwartzman as Receiver (Docket No. 30) (collectively the "Receivership Orders"). Pursuant to the Receivership Orders, the Court, among other things, took jurisdiction and possession over all Receivership Property, which is defined as "the assets, including without limitation monies, securities, choses in action, and properties, both real and personal, tangible and intangible, of whatever kind and wherever situated, of the Defendants and Relief Defendants . . . and/or any entities that the Source Entities own or control, or in which any of them have an interest, as well as any other assets that may be collected in the captioned matter." Additionally, the Court took jurisdiction and possession over any records, computers and documents relating to Receivership Property, as Receivership Records. The Order Establishing Receivership Estate further provides that the Receiver is charged with using reasonable efforts to determine the location, nature and value of all Receivership Property and that the Receiver is required to take custody, control and possession of such property. Moreover, the Receiver is charged to take actions in the interest of the Receivership Estate, including selling or otherwise disposing of Receivership Property.

On February 1, 2011, the SEC requested and the Clerk entered default against the Source Entities, for failing to plead or in any way respond to the Complaint. The SEC subsequently filed a Motion for Partial Summary Judgment against the Defendants seeking judgment as to the liability of the Defendants and injunctive relief. On June 20, 2011, the Court issued a Memorandum and Order granting the SEC's Motion. The Court found that the Defendants had violated federal securities law, as alleged in the SEC Complaint, and permanently enjoined them

from any further violations. The Court also held that the Defendants shall pay disgorgement and prejudgment interest in amounts to be determined, in addition to possible civil penalties.

On June 26, 2013, the SEC filed a Motion for Final Judgment (Docket No. 284), and on June 27, 2013, the Court entered final judgment (Docket No. 287). Upon request of the SEC, the Court revised the final judgment on July 1, 2013, and ordered that the Defendants are jointly and severally liable for disgorgement of $14,051,246.00 plus prejudgment interest of $472,726.00 (Docket No. 290). Further, the Court found the Relief Defendants liable for disgorgement and prejudgment interest as follows: First Commonwealth Service Company ($604,377.51), Susan L. Stinson ($587,346.09), Christine A. Stinson ($88,884.28), Michael G. Stinson ($20,842.26) and Laura Marable ($109,430.76).

In order to keep the Court abreast of the progress of the Receivership Estate, the Receiver is required to file a Quarterly Status Report within thirty (30) days of the end of each calendar quarter. The Report must contain a summary of the Receiver's activities and detail the property and expenditures of the Receivership Estate. Each Report shall also assess the future prospects of the Receivership and make a recommendation to the Court as to future action.

On May 14, 2014, the Receiver filed his Fourteenth Quarterly Status Report detailing the Receiver's activities for that reporting period and recommending that the Receivership should continue. At that time, the Receivership Estate held liquid assets of $614,213.11, and after consideration, the Court ordered the continuation of the Receivership. The Receiver now files his Fifteenth Quarterly Status Report for the quarter ending on June 30, 2014 (the "Reporting Period").[1]

---

[1] In order to provide the Court and interested parties with an up to date report of the Receiver's activities, this Report shall include information from the filing of the Fourteenth Quarterly Status Report through the date of this filing.

3

II. **OVERVIEW OF THE RECEIVER'S ACTIVITIES**

During this Reporting Period, the Receiver continued to litigate his pending ancillary actions. The Receiver also completed various administrative tasks required by law and necessary to fulfill his obligations to the Court.

A. **ASSET RECOVERY – ASSETS IN THE POSSESSION, CUSTODY AND CONTROL OF THE RECEIVERSHIP ESTATE**

1. **Liquid Assets**

The Receivership currently has liquid assets in the amount of $615,716.[2] See Exhibit A. As of the Fourteenth Quarterly Status Report, the Receivership held $614,213.11 in liquid assets. (Docket No. 314).

During this Reporting Period, the Receiver has added $1,502.89 in assets to the Estate.

2. **Illiquid Assets**

a. **Miscellaneous Personal Property**

The Receiver is holding numerous computers and related equipment that were seized from the Source Entities and collected from defendants in certain ancillary actions. Given the criminal actions against the Source Entities and the pending ancillary litigation, the Receiver has retained possession of the computers and equipment in order to preserve any information contained thereon. The Receiver will dispose of the computers and equipment, when appropriate, in the best interests of the Receivership Estate.

---

[2] $1,824.32 of the funds are held in a PNC Business Checking Account, and the remaining balance is kept in a PNC Money Market Account.

4

### b. Other Property

The Receiver previously identified an eleven percent (11%) equity interest in FanWave Media, LLC, by virtue of $125,000.00 in transfers from the Source Entities from March 2010 to June 2010. FanWave Media is purportedly a record label and music marketing company. Consistent with the recommendation set forth in Section V of this Report, the Receiver intends to determine the appropriate resolution of this interest over the next quarter and report on the same in his next Quarterly Status Report.

### B. ASSET RECOVERY - ANTICIPATED ASSETS NOT YET IN THE POSSESSION OF THE RECEIVERSHIP ESTATE

#### 1. Pending Litigation

During this Reporting Period, the Receiver continued to litigate the previously filed ancillary actions, which include those listed below. With respect to those in which monetary judgments have been entered in favor of the Receiver, the Receiver has retained a collection firm. Consistent with the recommendation set forth in Section V below, the Receiver will report on those collection efforts in his next Quarterly Status Report. :

- Schwartzman v. Hutchison, Civil Action No. 11-1349: On February 25, 2011, the Receiver filed an ancillary action against Janet Hutchison under the Pennsylvania fraudulent transfer statute and for unjust enrichment in connection with funds received from the Source Entities. On August 25, 2011, the Receiver filed a motion for summary judgment arguing that there were no genuine issues of material fact and that Hutchison received fraudulent transfers from the Source Entities. On September 27, 2011, the Court granted summary judgment in favor of the Receiver in the amount of $81,586.73.

- Schwartzman v. Shiloh Outreach Church of the Apostolic Faith, et al., Civil Action No. 11-1764: On March 10, 2011, the Receiver filed an ancillary action against Shiloh Outreach Church of the Apostolic Faith, Robert Stinson, Sr.

(Stinson's father), and Alice Stinson (Stinson's mother) under the Pennsylvania fraudulent transfer statute and for unjust enrichment in connection with funds received from the Source Entities. On August 11, 2011, the Receiver filed a motion for summary judgment arguing that there were no genuine issues of material fact and that the defendants received fraudulent transfers from the Source Entities. On September 19, 2011, the Court granted summary judgment in favor of the Receiver in the amount of $94,250.00.

- Schwartzman v. Robertson, Civil Action No. 11-1765: On March 10, 2011, the Receiver filed an ancillary complaint against Michael Robertson, Relief Defendant Susan Stinson's son, under the Pennsylvania fraudulent transfer statute and for unjust enrichment in connection with funds received from the Source Entities. Robertson failed to plead or otherwise respond to the complaint, and the Clerk entered default against him. On July 27, 2011, the Receiver filed a Motion for Default Judgment, and on August 19, 2011, the Court granted the Receiver's Motion, entering judgment against Robertson in the amount of $53,772.56. This action was recently settled and the Receiver filed a Satisfaction of Judgment on August 21, 2014.

- Schwartzman v. Williams, et al., Civil Action No. 11-2693: On July 29, 2011, the Receiver filed an Amended Complaint in this action against Doug Williams and Doug Williams Entertainment, Inc., under the Pennsylvania fraudulent transfer statute and for unjust enrichment in connection with $63,300.00 in transfers received from the Source Entities. The Receiver has served the defendants with his Amended Complaint, however the defendants have not yet responded. Consistent with the recommendation set forth in Section V below, the Receiver will report to the Court in the next Quarterly Status report on how he has determined to resolve this matter.

- Schwartzman v. Talking Water, LLC, et al., Civil Action No. 11-3934: On June 16, 2011, the Receiver filed an ancillary action against Talking Water, LLC, Jürgen Denk, and others regarding a real estate development in Montrose, Colorado, for which Life's Good transferred at least $1,065,000.00. The Complaint raises claims for fraudulent transfers, unjust enrichment, fraud, and civil RICO. In the last Reporting Period, in an effort to at least partially resolve the outstanding claims, the parties reached an agreement to market and list the real property owned by Talking Water. After obtaining Court approval, the parties marketed the property for approximately 5 months. On July 18, 2013, First Citizens Bank & Trust Company filed a Motion to Intervene requesting the Court to vacate its order with regards to the marketing of the property. During the last Reporting Period, the Receiver and First Citizens resolved their outstanding issues, whereby the Receiver abandoned any efforts to market the property in exchange for $30,000.00. The Receiver has been notified that Defendant Jürgen Denk has filed for bankruptcy, thus staying the instant action. Consistent with the recommendation set forth in Section V below, the Receiver will report to the Court in the next Quarterly Status report on how he has determined to resolve this matter.

- Schwartzman v. Velle Investments, LLC, et al., Civil Action No. 11-4603: The Receiver instituted this action against Velle Investments, LLC, and Priscilla Mulei to recover fraudulent transfers received from the Source Entities. On May 25, 2012, the Receiver and the defendants entered into a settlement agreement whereby the Receiver would be paid $15,000.00 over 6 months. The defendants made only one payment, of $1,500.00, and then defaulted. The Receiver therefore filed a Motion for entry of judgment for the remaining $13,500.00, and judgment was entered in that amount.

- Schwartzman v. JOMAC, LLC, et al., Civil Action No. 11-6027: On September 23, 2011, the Receiver filed an ancillary action against JOMAC, LLC, Pinnacle Wealth Group, Inc., Reale Partners, LLC, Michael P. McNamara, John H. Staiano, Brad Peterson, Jacob Cooper, and Gary Earle under the Pennsylvania fraudulent transfer statute and for unjust enrichment in connection with funds received from the Source Entities.[3] The Receiver previously reached a settlement with Cooper, Pinnacle Wealth Group and Staiano. At the Receiver's request, the case has been placed in suspense to allow the Receiver time to attempt to reach resolutions with the remaining defendants. Consistent with the recommendation set forth in Section V below, the Receiver will report to the Court in the next Quarterly Status report on how he has determined to resolve this matter.

- Schwartzman v. Sierra Capital Resources, LLC, et al., Civil Action No. 11-7395: On November 30, 2011, the Receiver filed an ancillary action against Sierra Capital Resources, LLC, and Michael P. McNamara under the Pennsylvania fraudulent transfer statute and for unjust enrichment in connection with funds received from the Source Entities. On October 4, 2012, the Receiver filed a Motion for Summary Judgment against McNamara and Sierra Capital, however the defendants failed to respond. On October 31, 2012, the Court granted the Receiver's Motion and entered judgment against the defendants in the amount of $260,135.00. Consistent with the recommendation set forth in Section V below, the Receiver will report to the Court in the next Quarterly Status report on how he has determined to resolve this matter.

- Schwartzman v. Morningstar, Inc., Civil Action No. 12-1647: On August 5, 2014, the Court entered an Order and Judgment in favor of Morningstar, Inc.

- Schwartzman v. Rogue International Talent Group, Inc., et al., Civil Action No. 12-5255: On September 12, 2012, the Receiver filed an ancillary action against Rogue International Talent Group, Inc., Roger Paul, Inc., Roger Paul, High Idea Corp, LLC, and Dustin Diamond under the Pennsylvania fraudulent transfer statute and for unjust enrichment in connection with $136,057.16 in benefits received from the Source Entities. Defendants Rogue International, Roger Paul, Inc. and Roger Paul have filed an Answer and Counterclaims to the Receiver's Complaint, and the Receiver responded with a Motion to Dismiss the Counterclaims. The Court granted the Receiver's Motion on February 7, 2013.

---

[3] The Receiver voluntarily dismissed his claims against Earle and Reale Partners on July 30, 2012.

7

On January 11, 2013, the Receiver requested, and the Clerk entered, default against Diamond and High Idea. The Receiver thereafter filed a Motion for Default Judgment against Diamond and High Idea, and the Court entered judgment against them in the amount of $40,000.00. The Receiver has retained the services of a collections firm, which is attempting to collect on the judgment. The Receiver filed a Motion for Summary Judgment against Defendants Roger Paul, Roger Paul, Inc. and Rogue on October 4, 2013. The Receiver requested, and the Clerk entered, default against Roger Paul, Inc. and Rogue. The parties have completed discovery, and the Receiver filed a Supplemental Statement of Undisputed Material Facts on July 11, 2014. On August 13, 2014, the Court entered an Order granting in part and denying in part the Receiver's Motion for Summary Judgment and denying Paul's Cross-Motion to Dismiss. The Court entered judgment against Paul in the amount of $61,411.55 and imposed a constructive trust on the assets of Paul in the same amount. Consistent with the recommendation set forth in Section V below, the Receiver will report to the Court in the next Quarterly Status report on how he has determined to resolve this matter

**2.     Surety Bond and Other Insurance Policies**

The Receiver has located a surety bond in the amount of $100,000.00. The Receiver is currently in the process of evaluating any claim he may have against the insurer.

**C.     ADMINISTRATIVE TASKS AND MISCELLANEOUS LEGAL TASKS**

**1.     Website**

The Receiver maintains and updates the Receivership website (http://www.lifesgoodfundsreceivership.com), which is intended to inform investors and the general public of the status of the Receivership Estate.

**2.     Status of Creditor Claims**

As stated in the previous Reports, the Receiver has responded to inquiries from creditors of the Source Entities by informing them of the Receivership Orders. If and when appropriate, the Receiver will request Court approval of a claims procedure, of which all known creditors will be notified.

### III. RECEIVER'S POTENTIAL LITIGATION MATTERS

The Receiver has further identified one (1) individual who received a "loan," from the Source Entities amounting to $37,100.00. The Receiver had previously contacted this individual and demanded repayment of the funds. Consistent with the recommendation set forth in Section V below, the Receiver will report to the Court in the next Quarterly Status report on how he has determined to resolve this matter.

### IV. INVESTOR INFORMATION

The Receiver continues to work with the SEC and to correspond directly with individual investors, when appropriate. As previously reported, two hundred and seventy-two (272) Investor Questionnaires were sent to known investors, and the Receiver has received completed Questionnaires from one hundred and ninety-eight (198) investors. The Receiver's knowledge of investor information is substantially more complete given the accounting efforts undertaken by the Receiver in the context of a pending ancillary action. If and when appropriate, the Receiver will provide a list of individual investor balances.

### V. RECEIVER'S PLAN

At this point, given the Court's Order in the Schwartzman v. Morningstar, Inc. matter and the status of the other litigation, the Receiver does not see a net benefit in continuing the Receivership Estate. Accordingly, the Receiver requests another quarter to wind down the Estate and make a recommendation to the Court as to the disposition of any funds. The SEC has been advised of this request and does not oppose it. The Receiver will provide to the Court with a further recommendation if these circumstances change in the next quarter.

                      Respectfully submitted,

                      **PIETRAGALLO GORDON ALFANO**
                      **BOSICK & RASPANTI, LLP**

      By:    <u>*Brett C. Shear*</u>
                GAETAN J. ALFANO, ESQUIRE
                BRETT C. SHEAR, ESQUIRE
                I.D. Nos. 32971 & 92244
                1818 Market Street, Suite 3402
                Philadelphia, PA  19103
                (215) 320-6200

                *Attorneys for Kamian Schwartzman, Receiver*

Date:  August 22, 2014

#2795160