## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

           Plaintiff,

    v.

ROBERT STINSON, JR., et al.,

           Defendants/Relief Defendants.

CIVIL ACTION NO.
10-CV-03130 (BMS)


HON. BERLE M. SCHILLER

### RECEIVER'S FINAL FEE APPLICATION

The Receiver, Kamian Schwartzman ("Receiver"), by and through his counsel, Pietragallo Gordon Alfano Bosick & Raspanti, LLP, hereby submits this Final Fee Application, and in support thereof states as follows:

1.      On September 13, 2010, the Court entered an Order Establishing Receivership Estate. See Docket No. 29. Also on September 13, 2010, the Court entered an Order appointing Kamian Schwartzman as Receiver in this action and Gaetan Alfano, Esquire, as Receiver's counsel. See Docket No. 30.

2.      Pursuant to the Order Establishing Receivership Estate, the Receiver must submit Quarterly Fee Applications to the Court. See Docket No. 29 ¶ 44. These Fee Applications are interim in nature, subject to a twenty (20) percent holdback and final review at the close of the Receivership. See Docket No. 29 ¶¶ 45, 46.

3.      Each Quarterly Fee Application shall comply with the terms of the Billing Instructions, and contain certain representations, including a Certification. See Docket No. 29 ¶ 47. The instant application concerns outstanding fees incurred by the Receiver throughout the

existence of the Receivership, fees and expenses incurred by the Receiver's counsel from throughout the Receivership and outstanding fees and expenses incurred by an expert retained by the Receiver in a pending ancillary action.

      4.     As of October 30, 2014, the Estate holds net assets of $673,938.94, all of which are liquid. A Standardized Fund Accounting Report is attached as Exhibit A.

      5.     The Receiver has made nine prior applications for fees and/or expenses, and fees and expenses amounting to $ 931,686.15 have been paid to date, as follows:

| Fee Petition | Total Fees Invoiced | Total Expenses Invoiced | Fees Paid | Expenses Paid | Holdback paid | Total Holdback |
|---|---|---|---|---|---|---|
| 1 | $29,905.00 | $7,391.26 | $23,924.00 | $5,913.00 | 0 | $7,459.26 |
| 2 | $42,540.00 | 0 | $28,000.00 | 0 | 0 | $14,540.00 |
| 3 | $35,430.00 | $24.48 | $28,344.00 | $19.58 | $5,955.60[1] | $7,090.90 |
| 4[2] | $328,470.00 | $28,753.19 | $262,776.00 | $23,002.55 | 0 | $71, 444.64 |
| 5 | $36,720.00 | 0 | $29,376.00 | 0 | 0 | $7,344.00 |
| 6 | $197,650.00 | $12,563.26 | $158,120.00 | $10,050.61 | 0 | $42,042.65 |
| 7 | $31,050.00 | 0 | $24,840.00 | 0 | 0 | $6,210.00 |
| 8 | $139,910.00 | $8,379.77 | $109,528.00 | $6,703.82 | 0 | $29,057.95 |

---

[1] The Receiver voluntarily increased the holdback on the requested fees for his Second Quarterly Fee Application from twenty (20) to thirty-four (34) percent. See Docket No. 91. This excess holdback of fourteen (14) percent was then paid out as part of the Receiver's Third Quarterly Fee Application. See Docket No. 199.

[2] The Receiver filed a Fourth Quarterly Fee Application on November 8, 2011, and then a supplement to the Fourth Quarterly Application on December 12, 2011. See Docket Nos. 210 and 214.

| 9 | $234,585.86 | $19,452.87 | $215,132.99 | 0 | 0 | $19,452.87 |
|---|---|---|---|---|---|---|

6.     The Receiver and his counsel have not submitted fee petitions after each calendar quarter given the limited assets of the Receivership Estate. To date, the Receiver has only sought his fees and expenses incurred through the calendar quarter ending on September 30, 2012, and the fees and expenses of the Receiver's counsel through the calendar quarter ending on December 31, 2011. The Receiver also sought fees and expenses incurred by an expert retained by the Receiver in an ancillary action from July 1, 2013 through September 30, 2013.[3]

7.     The amount of compensation to be awarded a court-appointed receiver is within the Court's discretion. S.E.C. v. Byers, 590 F.Supp.2d 637, 644 (S.D.N.Y.2008); see also United States v. Code Products Corp., 362 F.2d 669, 673 (3d Cir. 1966). Factors for consideration include the "time, labor and skill required, but not necessarily that actually expended, in the proper performance of the duties imposed by the court upon the receivers, the fair value of such time, labor and skill measured by conservative business standards, the degree of activity, integrity and dispatch with which the work is conducted and the result obtained." Code Products, 362 F.2d at 673 (quoting Coskery v. Roberts & Mander Corp., 200 F.2d 150, 154 (3d Cir. 1952)).

8.     "[R]esults are always relevant." Securities & Exchange Comm'n v. Elliott, 953 F.2d 1560, 1577 (11th Cir. 1992) (quoting S.E.C. v. W.L. Moody & Co., 374 F Supp. 465, 480 (D.C. Tex. 1974)). However, a good result may take a form other than a bare increase in monetary value. Id. ("Even though a receiver may not have increased, or prevented a decrease

---

[3] To date, $204,642.27 in fees and expenses have been held back by the Court. The Receiver acknowledges that the held back fees and expenses may not be paid out, insofar as they are subject to Court approval.

in, the value of the collateral, if a receiver reasonably and diligently discharges his duties, he is entitled to compensation"). "Opposition or acquiescence by the SEC to the fee application will be given great weight." Byers, 590 F.Supp.2d at 644 (quoting SEC v. Fifth Ave. Coach Lines, Inc., 364 F. Supp. 1220, 1222 (S.D. N.Y. 1973)).

9.     Courts generally apply a rule of moderation, recognizing that "receivers and attorneys engaged in the administration of estates in the courts of the United States ... should be awarded only moderate compensation," not extravagant fees. Byers, 590 F.Supp.2d at 645 (quoting In re New York Investors, Inc., 79 F.2d 182, 185 (2d Cir.1935)); see also Code Products, 362 F.2d at 673 (vicarious generosity in fixing allowances for services to court officer can receive no countenance) (quoting In re Gilbert, 276 U.S. 294, 296 (1928)).   This is particularly true in  circumstances such as those here, where victims will, at most, recover only a fraction of their losses, and where it is simply too early to determine the benefit of a Receiver's actions to the Estate. Byers, 590 F. Supp. 2d at 645, 648.

10.     From October 1, 2012 through the present, the Receiver incurred fees totaling $149,490.00. The Receiver's time records for that time period are being submitted under seal as Exhibit B, pursuant to the Court's Order of February 23, 2011.   See Docket No. 89. Additionally, a summary of the Receiver's fees are submitted as Exhibit C.

11.     From January 1, 2012 through the present, the Receiver's counsel incurred fees totaling $1,280,007.50 and expenses totaling $159,667.08.  The time records for the Receiver's counsel for that time period are being submitted under seal as Exhibit D, pursuant to the Court's Order of February 23, 2011.  See Docket No. 89.  Additionally, a summary of the Receiver's counsel's fees are submitted as Exhibit E.

12.     To date, the expert retained by the Receiver in an ancillary action has incurred unpaid fees and expenses totaling $74,781.04. The Court had previously approved the retention of the expert and his billable rates. See Doc. No. 286.

13.     The fees requested herein were incurred as a result of the reasonable and diligent discharge of the Receiver's duties, as set forth in the Order Establishing Receivership Estate. The discharge of those duties involved considerable time and expense. Considering the time, labor and skill required to fulfill his duties, the Receiver respectfully requests that he be permitted to use the remaining liquid assets of the Estate to satisfy the outstanding fees and expenses of the Receiver, Receiver's counsel and the expert.

14.     In particular, the fees and expenses were reasonably incurred by the Receiver to pursue litigation that was aimed at the recovery of a sufficient amount of money to justify a distribution to defrauded investors.

15.     At the inception of the Receivership Estate, it had virtually no liquid assets. A substantial portion of the assets marshalled have been obtained from third parties, requiring the expenditure of substantial time and resources by the Receiver and his counsel.

16.     Given the amount of the outstanding fees and expenses and the limited assets of the Estate outlined above, it is clear that even if the Court does grant the Receiver's request, a substantial portion of the Receiver and his counsel's time and expenses will not be reimbursed. For instance, the Receiver's counsel, even if this request is granted, will have over one million dollars ($1,000,000) in unreimbursed fees. Accordingly, the application of all Receivership assets to pay the outstanding fees and expenses will meet the aim of only moderate compensation to receivers and their attorneys. See Byers, 590 F.Supp.2d at 645.

17.     A Certification, as required by the Billing Instructions provided by the SEC is attached as Exhibit F.

18.     With the exception of the Billing Instructions and the Court-approved agreement with the retained expert, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate.

19.     The SEC has previously been provided with a copy of this Application and the relevant billing information, and the SEC intends to file a response.

WHEREFORE, the Receiver respectfully requests that the Court enter an Order granting payment of professional fees and expenses in the total amount of the remaining liquid assets.

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP**

By:   ~~_Gaetan J. Alfano_~~
GAETAN J. ALFANO, ESQUIRE
I.D. Nos. 32971
1818 Market Street, Suite 3402
Philadelphia, PA  19103
(215) 320-6200

*Attorneys for Kamian Schwartzman, Receiver*

Dated:  October 31, 2014

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SECURITIES AND EXCHANGE COMMISSION,

               Plaintiff,

    v.

ROBERT STINSON, JR., et al.,

               Defendants/Relief Defendants.

CIVIL ACTION NO.
10-CV-03130 (BMS)

HON. BERLE M. SCHILLER

## ORDER

    **AND NOW**, this _____ day of _____, 2014, upon consideration of the Receiver's Final Fee Application, the Receiver's Application is **GRANTED.** The Receiver may use the remaining Receivership assets to satisfy the outstanding fees and expenses incurred by the Receiver and his counsel.

                                 **BY THE COURT:**

                               _____
                               Berle M. Schiller, J.

# EXHIBIT A

Life's Good Funds Receivership
Cash Basis Fund Accounting Report
Civil Action No. 10-CV-03130
Reporting Period - 08/07/14 to10/30/14

## FUND ACCOUNTING

|  | Reporting Period | Since Inception |
|---|---:|---:|
| **Beginning Balance (As of 09/13/2010)** |  | $0.00 |
| **Beginning Balance (As of 08/07/2014)** | $615,716.70 |  |
| **Increases in Fund Balance:** |  |  |
| Cash Transfers to Receivership |  |  |
| Total Transfers to Receivership | - | 191,245.88 |
| Interest Income |  |  |
| PNC Money Market Account Interest | 206.25 | 6,392.74 |
| Interest on Preliminary Injunction Bond | 37.04 | 37.04 |
| Expense Reimbursement |  |  |
| ADT Money Market Services Account Reimbursement | - | 109.04 |
| Federal Tax Refund | 279.00 | 279.00 |
| Unused CC Reserve | 1,000.00 | 1,000.00 |
| Third-Party Asset Recovery |  |  |
| Matthew Razzano - Settlement | - | 367,500.00 |
| Matthew Razzano - Payments on Account | - | 18,788.70 |
| Joy Kreutzer - Settlement | - | 17,500.00 |
| D. Henderson - Settlement | - | 15,000.00 |
| 2133 Arch Street Associates - Settlement | - | 15,750.00 |
| NG Productions - Settlement | - | 105,144.87 |
| Cunningham Piano - Settlement | - | 21,000.00 |
| EWB - Settlement | - | 8,800.00 |
| RH - Settlement | - | 20,000.00 |
| VIP - Settlement | - | 82,000.00 |
| Ganong - Settlement | - | 85,000.00 |
| Turcotte - Settlement | - | 10,000.00 |
| S. Stinson Retirement Account | - | 10,063.13 |
| NC Farm - Rental Payment | - | 1,464.59 |
| YSF - Settlement | - | 47,901.71 |
| Velle - Partial Settlement | - | 1,500.00 |
| AM - Settlement | - | 125,000.00 |
| Chesterbrook Property - Settlement | - | 5,000.00 |
| Jacksonville Property - Settlement | - | 21,624.37 |
| Aztec - Settlement | - | 30,000.00 |
| Cooper - Settlement | - | 24,999.97 |
| Staiano - Settlement | - | 75,000.00 |
| Talking Water Property - Settlement | - | 30,000.00 |
| Michael Paul Robertson Settlement | 4,654.49 | 4,654.49 |
| Best Sports - Partial Settlement | 2,084.32 | 5,417.60 |
|  |  | 1,149,109.43 |
| Sale of Receivership Property |  |  |
| Barry S. Slosberg, Inc. | - | 232,601.60 |
| Sale of Reading Property | - | 34,829.54 |
|  |  | 267,431.14 |

Life's Good Funds Receivership
Cash Basis Fund Accounting Report
Civil Action No. 10-CV-03130
Reporting Period - 08/07/14 to10/30/14

| | | |
|---|---|---|
| **Total Funds Available** | $623,977.80 | 1,615,604.27 |

| | | |
|---|---|---|
| **Decreases in Fund Balance:** | | |
| Disbursements to Receiver or Other Professionals | | |
|     Receiver or Other Professionals | $38.86 | $939,534.38 |
| Court Ordered Payments | | |
|     Preliminary Injunction Bond (11-cv-03934) | -$50,000.00 | |
| Administrative Expenses | | |
|     Receivership Taxes | | 1,983.95 |
|     Bank Fees | | 147.00 |
| **Total Funds Disbursed** | -$49,961.14 | $941,665.33 |
| **Ending Balance (As of 10/30/2014)** | $673,938.94 | $673,938.94 |

| | | |
|---|---|---|
| **Net Assets** | | |
| Cash & Cash Equivalents | | |
|     PNC - Money Market Account | $672,208.82 | |
|     PNC - Business Checking Account | 1,730.12 | |
|     Total Cash & Cash Equivalents | | $673,938.94 |
| **Total Ending Balance of Fund - Net Assets (As of 10/30/2014)** | | $673,938.94 |

# EXHIBIT B

# EXHIBIT C

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
ATTORNEYS AT LAW
THE THIRTY-EIGHTH FLOOR
ONE OXFORD CENTRE
PITTSBURGH, PA 15219

Telephone No.: (412) 263-2000
Facsimile No.: (412) 261-5295

MATTER NO.:   LGOODF-89595.001        STATEMENT NO.: 253358

BILLING WORK CODE SUMMARY

AAR     ASSET ANALYSIS AND RECOVERY

| ATTY | HRS | BILLED |
|------|-----|--------|
| KS | | |
| | 459.40 | 137,820.00 |
| | **459.4000** | **137,820.00** |

ADN     ASSET DISPOSITION

| ATTY | HRS | BILLED |
|------|-----|--------|
| KS | | |
| | 5.40 | 1,620.00 |
| | **5.4000** | **1,620.00** |

CA      CASE ADMINISTRATION

| ATTY | HRS | BILLED |
|------|-----|--------|
| KS | | |
| | 38.30 | 10,050.00 |
| | **38.3000** | **10,050.00** |

| | TOTALS: | 503.10 | 149,490.00 |

# EXHIBIT D

# EXHIBIT E

## PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
ATTORNEYS AT LAW
THE THIRTY-EIGHTH FLOOR
ONE OXFORD CENTRE
PITTSBURGH, PA 15219

Telephone No.: (412) 263-2000
Facsimile No.: (412) 261-5295

MATTER NO.:     LGOODF-89595        STATEMENT NO.: 253357

---

BILLING WORK CODE SUMMARY

**AAR     ASSET ANALYSIS AND RECOVERY**

| ATTY | HRS | BILLED |
|------|-----|--------|
| GJA | | |
| | 181.30 | 44,875.00 |
| EJB | | |
| | 637.50 | 126,760.00 |
| EE | | |
| | 185.50 | 0.00 |
| BDE | | |
| | 241.80 | 22,915.00 |
| MMH | | |
| | 4.20 | 700.00 |
| DM | | |
| | 0.80 | 80.00 |
| RJP | | |
| | 3.50 | 875.00 |
| HFR | | |
| | 1.40 | 140.00 |
| BCS | | |
| | 71.80 | 12,640.00 |
| JPS | | |
| | 103.30 | 20,380.00 |
| FPT | | |
| | 95.80 | 19,140.00 |
| | **1,526.9000** | **248,505.00** |

**ADN     ASSET DISPOSITION**

| ATTY | HRS | BILLED |
|------|-----|--------|
| GJA | | |
| | 2.20 | 550.00 |
| EJB | | |
| | 63.60 | 12,200.00 |
| BDE | | |
| | 21.40 | 1,820.00 |

## PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
ATTORNEYS AT LAW
THE THIRTY-EIGHTH FLOOR
ONE OXFORD CENTRE
PITTSBURGH, PA 15219

Telephone No.: (412) 263-2000
Facsimile No.: (412) 261-5295

MATTER NO.:   LGOODF-89595   STATEMENT NO.: 253357

---

### BILLING WORK CODE SUMMARY

| | | |
|---|---|---|
| RJP | | |
| | 1.30 | 325.00 |
| HFR | | |
| | 0.10 | 10.00 |
| JPS | | |
| | 0.10 | 20.00 |
| | **88.7000** | **14,925.00** |

**CA   CASE ADMINISTRATION**

| ATTY | HRS | BILLED |
|---|---|---|
| GJA | | |
| | 55.90 | 12,925.00 |
| EJB | | |
| | 203.60 | 18,640.00 |
| BDE | | |
| | 114.40 | 8,135.00 |
| MMH | | |
| | 7.30 | 1,460.00 |
| DM | | |
| | 6.50 | 600.00 |
| RJP | | |
| | 0.70 | 50.00 |
| HFR | | |
| | 24.00 | 2,180.00 |
| BCS | | |
| | 1.10 | 160.00 |
| JPS | | |
| | 108.70 | 21,520.00 |
| FPT | | |
| | 5.10 | 980.00 |
| | **527.3000** | **66,650.00** |

**DA   DATA ANALYSIS**

| ATTY | HRS | BILLED |
|---|---|---|
| GJA | | |

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**
ATTORNEYS AT LAW
THE THIRTY-EIGHTH FLOOR
ONE OXFORD CENTRE
PITTSBURGH, PA 15219

Telephone No.: (412) 263-2000
Facsimile No.: (412) 261-5295

MATTER NO.:      LGOODF-89595        STATEMENT NO.: 253357

BILLING WORK CODE SUMMARY

| | | |
|---|---|---|
| | 8.10 | 1,825.00 |
| | **8.1000** | **1,825.00** |
| TOTALS: | 2,151.00 | 331,905.00 |

# PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
ATTORNEYS AT LAW
THE THIRTY-EIGHTH FLOOR
ONE OXFORD CENTRE
PITTSBURGH, PA 15219

Telephone No.: (412) 263-2000
Facsimile No.: (412) 261-5295

MATTER NO.:        LGOODF-89595.014        STATEMENT NO.: 253359

---

## BILLING WORK CODE SUMMARY

**AAR        ASSET ANALYSIS AND RECOVERY**

| ATTY | HRS | BILLED |
|------|-----|--------|
| JAM | 3.40 | 680.00 |
| GJA | 782.10 | 189,237.50 |
| CDB | 16.80 | 1,680.00 |
| EJB | 1,523.30 | 300,600.00 |
| BDE | 1,161.40 | 115,640.00 |
| DM | 0.30 | 30.00 |
| MMO | 141.00 | 28,180.00 |
| RJP | 0.90 | 225.00 |
| HFR | 12.60 | 1,260.00 |
| BCS | 1,192.70 | 227,910.00 |
| JPS | 129.90 | 25,880.00 |
| | **4,964.4000** | **891,322.50** |

**ADN        ASSET DISPOSITION**

| ATTY | HRS | BILLED |
|------|-----|--------|
| EJB | 0.20 | 40.00 |
| RJP | 0.20 | 0.00 |
| | **0.4000** | **40.00** |

# PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP
### ATTORNEYS AT LAW
THE THIRTY-EIGHTH FLOOR
ONE OXFORD CENTRE
PITTSBURGH, PA 15219

Telephone No.: (412) 263-2000
Facsimile No.: (412) 261-5295

MATTER NO.:     LGOODF-89595.014     STATEMENT NO.: 253359

---

## BILLING WORK CODE SUMMARY

**CA    CASE ADMINISTRATION**

| ATTY | HRS | BILLED |
|------|-----|--------|
| JAM | | |
| | 9.50 | 1,900.00 |
| GJA | | |
| | 73.10 | 18,275.00 |
| EJB | | |
| | 9.10 | 1,780.00 |
| BDE | | |
| | 29.70 | 2,500.00 |
| JWK | | |
| | 9.80 | 2,450.00 |
| HFR | | |
| | 117.30 | 11,610.00 |
| BCS | | |
| | 11.30 | 2,260.00 |
| JPS | | |
| | 58.90 | 11,760.00 |
| | **318.7000** | **52,535.00** |

**DA    DATA ANALYSIS**

| ATTY | HRS | BILLED |
|------|-----|--------|
| GJA | | |
| | 12.10 | 3,025.00 |
| BCS | | |
| | 5.90 | 1,180.00 |
| | **18.0000** | **4,205.00** |

| | | |
|------|-----|--------|
| TOTALS: | 5,301.50 | 948,102.50 |

# EXHIBIT F

## Certification

I, Kamian Schwartzman, the Court-appointed Receiver in <u>Securities and Exchange</u>

<u>Commission v. Robert Stinson, Jr., et al.</u>, Civil Action No. 10-cv-03130, hereby certify that:

(a) I have read the Receiver's Final Fee Application (the "Fee Application"), which requests that the Estate's current liquid assets be awarded to the Receiver and his counsel.

(b) To the best of my knowledge, information and belief, formed after reasonable inquiry, the Fee Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

(c) All fees contained in the Fee Application are based on the rates listed in the fee schedule in the Order Appointing Receiver (attached hereto) and such fees are reasonable, necessary, and commensurate with the skill and experience required for the activity performed;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay. To the extent that any such amortization is included, it is within the permitted allowable amounts set forth in the Billing Instructions for photocopies and facsimile transmission; and

(e) In seeking reimbursement for a service which I justifiably purchased or contracted for from a third-party, I request reimbursement only for the amount billed to me by the third-party vendor and paid by me to such vendor. To the extent that such services are performed by me and my Staff, I certify that I am not making a profit on such reimbursable service.

(f) With respect to any charges for litigation, I have determined that the litigation is likely to produce a net economic benefit to the estate, based on reviews of: (i) the legal theories upon which the action was based, including issues of standing; (ii) the likelihood of collection on any judgment which might be obtained; and (iii) alternative methods of seeking the relief, such as the retention of counsel on a contingency basis.

10/30/14