IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> ROBERT STINSON, JR., et al., : <br> : <br> Defendants : <br> and Relief Defendants. : <br> : | Civil Action No. <br> 10-CV-03130 (BMS) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THE
COMMISSION'S RESPONSE AND ALTERNATIVE PROPOSAL
TO THE RECEIVER'S FINAL FEE APPLICATION**

As directed by this Court at the hearing on December 1, 2014, Plaintiff, the Securities and Exchange Commission, respectfully submits this supplemental memorandum in support of Commission's Response and Alternative Proposal to the Receiver's Final Fee Application (Docket No. 324, referenced herein as the "Commission's Response"),[1] attaching (1) a schedule of distribution of half of the net Receivership Estate to defrauded investors (approximately $211,000), as proposed by the Commission (Exhibit A); and (2) a schedule of distribution of the entirety of the net Receivership Estate to defrauded investors (approximately $423,000), as requested by many of those investors (Exhibit B).

---

[1] The Commission's Response is incorporated herein by reference. The Commission is also submitting a revised proposed Order, consistent with the discussion herein.

**Preliminary Statement**

From 2006 through June 2010, recidivist con-man Robert Stinson defrauded more than 270 victims out of more than $16 million. Many of the victim investors were elderly and were fraudulently induced to invest retirement funds. See Docket Nos. 149, 149-1, 196, 284, 284-1, 288, and 324 for additional background on this matter.

On June 28, 2010, the Commission filed suit against Stinson and several co-defendants, charging them with, among other things, securities fraud, and specifically, with violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c) and 77q(a)]; and Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder. [17 C.F.R.§ 240.10b5]. Thereafter, the Court, upon the motion of the Commission, appointed a Receiver to "assume control of, marshal, pursue, and preserve" the property of the Estate "with the objective of maximizing the recovery of defrauded investors and, to the extent the assets recovered are sufficient for a distribution but inadequate to make defrauded investors whole, ensuring that the distribution of those assets is as just and equitable as possible." Docket Nos. 29 and 30 (September 13, 2010).

The Receiver collected just over $1.6 million dollars.[2] To date, however, Stinson's victims have not received any money. The Receiver and his counsel (collectively referred to as the "Receiver") have been paid over $742,000 in fees for their efforts on behalf of the Estate. The Estate is now in the process of winding down and currently holds $674,568.41 in recovered money. No further significant collections are expected.

---

[2] Approximately $1.1 million of this amount was collected through third party litigation, $267,000 through sales of property, and $200,000 through cash transfers to the Receivership, interest income, and expense reimbursement. *See* Exhibit E.

2

The Receiver has asked the Court to distribute the entirety of the Estate less approximately $251,000 for the payment of outstanding and anticipated expenses (the "Net Estate"), to the Receiver as payment for fees. The Commission opposes the Receiver's request and asks the Court to distribute half of the available money, approximately $211,500, to Stinson's victims, and half to the Receiver. Alternatively, many of the investors have requested that all of the available money (approximately $423,000) be returned to them. *See* Exhibits C and D.[3]

### The Distribution Schedules[4]

Under the Commission's proposal, approximately $211,000 would be distributed to Stinson's victims. The Commission has prepared a schedule showing how this money would be distributed to individual investors. *See* Exhibit A. The Commission's proposed distribution was prepared using a "net investment" methodology as opposed to a "rising tide" methodology in order to get some money back to a greater number of investors. Under the Commission's proposal, 257 investors would receive a distribution ranging from $25 to $7,400, with 145 investors receiving checks over $500. Sixty-three investors would receive more than $1,000.

The Commission also has attached a schedule showing how this money would be distributed if, as requested by investors, the entirety is distributed to victims of the fraud. *See* Exhibit B. If the entirety of the net Estate is distributed to defrauded investors, 257 investors would receive a distribution ranging from $51 to $14,800, with 145 investors receiving checks over $1,000. Sixteen investors would receive more than $5,000.

---

[3] Exhibit C contains copies of the (redacted) investor correspondence provided to the Court on December 1, 2014. Exhibit D contains copies of (redacted) investor correspondence received by the Commission staff since the December 1, 2014 hearing.

[4] These schedules and the amounts contained within will change prior to the presentation of final schedules to the Court due to, among other things, interest accretions in Estate account(s), and corrections to net investments and expenses resulting from a Plan comment period.

3

## The Commission's Proposal Would Result in the
## <u>Distribution of Significant and Needed Funds to Stinson's Victims</u>

As shown in Exhibit A, the Commission proposes distributing significant amounts of money to Stinson's victims. Under the investors' proposal reflected in Exhibit B, the individual distributions would be even greater. In general, these victims are not wealthy. Rather, many victims invested retirement savings with Stinson and are now left with nothing.

In preparation for the hearing on December 1, 2014, the Commission notified Stinson's victims about the hearing and planned distribution and asked for comments on the Receiver's requested distribution. Many victims responded and a few attended the hearing and presented their views to the Court in person. The responding investors universally stated that receiving some money back would greatly help them; many asked for the distribution of the entirety of the net Estate. The number and substance of the responses speak to the investors' continued faith in the judicial process and continued hope for relief. For instance:

- **Investors 69 and 70** stated: "For us to gain 1.6% is no restitution at all, but, it would be an act of good faith on the part of the court for our participation in helping to resolve this case with our time and the supply of our documentation that became an integral part of the prosecution of this fraud." Under the Commission's proposal, this couple would receive, in the aggregate, approximately $2,950. They would approximately $5,900 as part of the distribution of the entirety of the Estate.

- **Investor 155** lost $122,000 in retirement money, was laid off, and had significant health problems. Investor 155 writes: "Please extend our desire that ALL of these funds be distributed in a fair manner to all 274 victims. Getting something back is better than nothing at all." Investor 155 would receive approximately $1,500 under the Commission's proposal, and approximately $3,000 under the investors' proposal reflected in Exhibit B;

- **Investor 178**, a 63 year old investor, lost a large part of an IRA and is still working today. Investor 178 observes: "Even if each investor got less than $1,000, that would be less than 2% back. That is better than nothing. ..." Investor 178 would receive approximately $600 under the Commission's proposal, and approximately $1,200 if the entire Net Estate is distributed to investors;

4

- **Investor 196** is 93 years old who suffered a severe, debilitating life-limiting stroke in 2010 and rapidly deteriorated with Parkinson's Dementia, congestive heart failure, irregular heart disorder. His health care costs exhausted monies from sale of his home and auto, forcing him on to Medicaid. The investment was made to cover anticipated future medical care costs. This investor requests fair and equitable compensation. Investor 196 would receive approximately $400 under the Commission's proposal, and approximately $800 if the entire Net Estate is distributed to investors;

- **Investor 210** stated that "[a] small refund to the investors would not mean much monetarily, but it would mean a great deal emotionally and help bring closure to such a dreadful ordeal. Please do what you can so that the investors get SOMETHING. Ending up with nothing is the worst feeling of all." Investor 210 would receive approximately $1,800 under the Commission's proposal, and approximately $3,600 if the entire Net Estate is distributed to investors;

- **Investor 213**, of retirement age, no longer has a retirement fund and continues to work, awaiting eligibility for Medicare. Investor 213 states: "You ask what to do with the money. Give it to people who were cheated and swindled and now have nothing." Investor 213 would receive approximately $600 under the Commission's proposal, and approximately $1,200 if the entire Net Estate is distributed to investors;

- **Investor 233** was an elementary school teacher who saved money for children's college expenses by way of a $300 paycheck deduction every month for fourteen years. This investor cooperated with the Commission and the Receiver in their efforts to marshal funds and requests that one-third of recoveries be paid to the Receiver, with two thirds distributed to the victims of the crime. Investor 233 would receive approximately $600 under the Commission's proposal, and approximately $1,200 if the entire Net Estate is distributed to investors; and

- **Investor 268** lost her husband in late 2012 "with the knowledge still weighing heavily on his heart and mind that he had been defrauded by Mr. Stinson. He had served 25 years in law enforcement and expressed to me many times his embarrassment over the situation." She requests that the greater portion of recovered assets be divided among the victims. Investor 268 would receive approximately $300 under the Commission's proposal, and approximately $600 if the entire Net Estate is distributed to investors.

## This Court Should Order
## Distribution of Recovered Funds to Defrauded Investors.

As further discussed in the Commission's Response, the Court should deny the Receiver's Final Fee Application and adopt the Commission's position because (1) without a distribution, this Receivership will have failed to achieve its fundamental purpose -- to recover assets for the benefit of defrauded investors; and (2) the Commission's position equitably balances the interests of the generally unsophisticated investors who were victims of a fraud with those of professionals who have received over $742,000 in fees thus far, and who entered into this engagement fully aware of the limited assets of the Estate, controlled the duration of the Receivership through quarterly reports, and repeatedly acknowledged the possibility of nonpayment of fees. *See* Commission's Response at pp. 6-7. Although the Commission's proposal will not make these victims or the Receiver whole, it is clearly the most equitable solution under the circumstances.

## Conclusion

For all the reasons in the Commission's Response and this supplemental memorandum, the Commission respectfully requests that this Court deny the relief requested in the Receiver's Final Fee Application and order the distribution of at least half of the net Estate to defrauded investors.

Upon such an order, the Commission will submit to the Court a proposed Order to Show Cause with a proposed Plan, thereby beginning the process by which a final Plan can be approved by this Court and funds can be distributed to investors.

Dated:  December 12, 2014             Respectfully submitted,


                                      s/ Catherine E. Pappas
                                      Catherine E. Pappas (PA #56544)
                                      David L. Axelrod

                                      **Attorneys for Plaintiff:**
                                      SECURITIES AND EXCHANGE COMMISSION
                                      One Penn Center
                                      1617 JFK Blvd, Suite 520
                                      Philadelphia, PA  19103
                                      (215) 597-3100

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT STINSON, JR., et al.<br><br>Defendants, Relief Defendants. | Civil Action No. 10-cv-3130-BMS<br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

The foregoing document(s) has been filed electronically and is available for viewing and downloading from the ECF system. I do hereby certify that on December 12, 2014, I caused a true and correct copy of the foregoing document(s) to be served on the following and in the manner indicated below:

| | |
|---|---|
| Robert S. Stinson, Jr., Register #02584-015<br>First Commonwealth Service Company<br>IA Capital Fund, LLC<br>Keystone State Capital, Corporation<br>Life's Good, Inc.<br>Life's Good Capital Growth Fund, LLC<br>Life's Good High Yield Mortgage Fund, LLC<br>Life's Good STABL Mortgage Fund, LLC<br>FCI GILMER<br>FEDERAL CORRECTIONAL INSTITUTION<br>P.O. BOX 6000<br>GLENVILLE, WV 26351<br>*(via first class mail)* | Christine A. Stinson<br>*(via electronic mail)*<br>Castinson7@gmail.com |
| | Laura Marable<br>13-3438 Makamae Street<br>Pahoa, HI 96778-8412<br>*(via electronic mail and first class mail)*<br>tigerlily_6648@yahoo.com |
| Michael G. Stinson<br>*(via electronic mail)*<br>michaelgstinson@msn.com | Gaetan J. Alfano, Esq.<br>*(via electronic mail)*<br>gja@pietragallo.com |
| Felicia Sarner, Esq.<br>Stuart Patchen, Esq.<br>*(via electronic mail)*<br>Felicia_Sarner@fd.org<br>Stuart_Patchen@fd.org<br>Criminal Counsel for Robert S. Stinson, Jr. | Kamian Schwartzman, Receiver<br>*(via electronic mail)*<br>kamian.schwartzman@lifesgoodfundsreceivership.com |

| Ellen C. Brotman, Esq.<br>Montgomery McCracken<br>123 South Broad Street<br>Philadelphia, PA 19109<br>Counsel for Susan L. Stinson<br>(*via electronic service*) | Jeffrey A. Dailey, Esq.<br>Natalie Lesser, Esq.<br>Akin Gump Strauss Hauer & Feld, LLP<br>Two Commerce Square<br>2001 Market Street, Suite 4100<br>Philadelphia, PA 19103-7013<br>Counsel for Morningstar, Inc.<br>(*via electronic service*) |
|---|---|

s/Catherine E. Pappas

2