IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff | : Civil Action No. |
| | : 10-CV-03130 (BMS) |
| v. | : |
| ROBERT STINSON, JR., et al., | : |
| Defendants and Relief Defendants. | : |

## SUPPLEMENTAL MEMORANDUM ADDRESSING THE RECEIVER'S PROPOSED DISTRIBUTION METHODOLOGY

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this supplemental memorandum to address the new distribution proposal submitted by the Receiver and his counsel (collectively referenced herein as the "Receiver") to the Court on December 16, 2014.

The Court should reject the Receiver's eleventh hour proposal because it ignores applicable law and suggests an inequitable distribution. The Receiver asks the Court to distribute funds to Stinson's victims using a tiered payment system rather than a *pro rata* system. In cases such as this -- a multiple victim investment fraud where "investor funds [were diverted] to perpetrate a Ponzi scheme," *see* Docket No. 196 at 7 -- courts around the country have overwhelmingly favored *pro rata* distribution plans. See Cunningham v. Brown, 265 U.S. 1, 13 (1924) (stating that equity demands that all of the victims of Charles Ponzi be treated as one class and share equally in recovered funds); SEC v. Infinity Group Company, Civ. Act. No. 06-4158, 226 Fed. Appx. 217, 218, 2007 U.S. App. LEXIS 8068 (3d Cir. 2007) (observing that, since Cunningham, the Courts of Appeals repeatedly have recognized that *pro rata* distribution

to victims of the fraud is appropriate, and rejecting an investor's claim to be treated differently) (non-precedential); SEC v. Walsh, 712 F.3d 735, 751-53 (2d Cir. 2013) (affirming the District Court's choice of *pro rata* distribution and rejection of investor claims for preferential treatment); SEC v. Wealth Management, 628 F.3d 323, 333-34 (7th Cir. 2010) (affirming *pro rata* distribution because it ensures that aggrieved investors with substantively similar claims receive proportionately equal distributions in a situation in which they will not be made whole); SEC v. Credit Bancorp, Ltd., 290 F.3d 80, 88 (2d Cir. 2002) (finding that the District Court had equitable authority to treat all the fraud victims alike, in proportion to their investments, and to order *pro rata* distribution; rejecting a request for preferential treatment).

The sole case cited for support by the Receiver is clearly distinguishable. Doe v. Calumet City, Civ. Act. No. 87 C 3594, 1993 WL 512788 (N.D. Il. Dec. 9, 1993) involved the distribution of damages to victims of civil rights violations. Unlike the victims of Stinson's investment fraud, the victims in Doe were not equally situated. Some victims had endured more intrusive illegal searches and thus had been more greatly harmed. *See* id at *1. Accordingly, separating the victims into different tiers, and compensating them in accordance with their disparate harm, made sense in that case.

Ultimately, and contrary to the cited precedent, the Receiver's plan is simply inequitable and arbitrary. Indeed, the Receiver admits that the plan "favors smaller investors . . . ." Docket No. 330 at 4. For example, under the Receiver's plan a victim who lost $5,000 receives a 5.59% recovery, a victim who lost $10,000 receives a 2.80% recovery; a victim who lost $49,999 receives a .56% recovery; a victim who lost $50,000 (one dollar more) receives a 1.67% recovery; a victim who lost $98,000 receives a .85% recovery; and a victim who lost $500,000 receives only a .48% recovery.

In contrast, the SEC's proposed *pro rata* distribution, reflected in Exhibit A of the SEC's Supplemental Memorandum (Docket 329), treats equally situated investors similarly, in accordance with precedent and equity.[1]

For these reasons, and because it represents an equitable compromise of the competing interests currently before the Court, the SEC respectfully requests that the Court order the distribution of half of the net Estate to defrauded investors in accordance with the SEC's *pro rata* distribution proposal, thereby rejecting the Receiver's proposed distribution.

Dated: December 19, 2014         Respectfully submitted,

                                            s/ Catherine E. Pappas
                                            Catherine E. Pappas (PA #56544)
                                            David L. Axelrod

                                            **Attorneys for Plaintiff:**
                                            SECURITIES AND EXCHANGE COMMISSION
                                            One Penn Center
                                            1617 JFK Blvd, Suite 520
                                            Philadelphia, PA  19103
                                            (215) 597-3100

---

[1] Exhibit B to Docket No. 329 also reflects *pro rata* distribution. The SEC's calculations in Exhibit A and Exhibit B exclude investors who would receive a check of $20 or less as *de minimis* in view of, among other things, the cost of each distribution.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT STINSON, JR., et al.<br><br>Defendants, Relief Defendants. | Civil Action No. 10-cv-3130-BMS<br>CERTIFICATE OF SERVICE |

<u>CERTIFICATE OF SERVICE</u>

The foregoing document(s) has been filed electronically and is available for viewing and downloading from the ECF system. I do hereby certify that on December 19, 2014, I caused a true and correct copy of the foregoing document(s) to be served on the following and in the manner indicated below:

| | |
|---|---|
| Robert S. Stinson, Jr., Register #02584-015<br>First Commonwealth Service Company<br>IA Capital Fund, LLC<br>Keystone State Capital, Corporation<br>Life's Good, Inc.<br>Life's Good Capital Growth Fund, LLC<br>Life's Good High Yield Mortgage Fund, LLC<br>Life's Good STABL Mortgage Fund, LLC<br>FCI GILMER<br>FEDERAL CORRECTIONAL INSTITUTION<br>P.O. BOX 6000<br>GLENVILLE, WV 26351<br>*(via first class mail)* | Christine A. Stinson<br>*(via electronic mail)*<br>Castinson7@gmail.com |
| | Laura Marable<br>13-3438 Makamae Street<br>Pahoa, HI 96778-8412<br>*(via electronic mail and first class mail)*<br>tigerlily_6648@yahoo.com |
| Michael G. Stinson<br>*(via electronic mail)*<br>michaelgstinson@msn.com | Gaetan J. Alfano, Esq.<br>*(via electronic mail)*<br>gja@pietragallo.com |
| Felicia Sarner, Esq.<br>Stuart Patchen, Esq.<br>*(via electronic mail)*<br>Felicia_Sarner@fd.org<br>Stuart_Patchen@fd.org<br>Criminal Counsel for Robert S. Stinson, Jr. | Kamian Schwartzman, Receiver<br>*(via electronic mail)*<br>kamian.schwartzman@lifesgoodfundsreceivership.com |

| | |
|---|---|
| Ellen C. Brotman, Esq.<br>Montgomery McCracken<br>123 South Broad Street<br>Philadelphia, PA 19109<br>Counsel for Susan L. Stinson<br>(*via electronic service*) | Jeffrey A. Dailey, Esq.<br>Natalie Lesser, Esq.<br>Akin Gump Strauss Hauer & Feld, LLP<br>Two Commerce Square<br>2001 Market Street, Suite 4100<br>Philadelphia, PA 19103-7013<br>Counsel for Morningstar, Inc.<br>(*via electronic service*) |

s/Catherine E. Pappas